Alvin B. WALKER, Appellant,

v.

**REPUBLIC NATIONAL BANK OF DALLAS, Appellee.**

No. 1065.

Court of Civil Appeals of Texas, Tyler.

Nov. 23, 1977.

Robert O'Donnell, Dallas, for appellant.

William D. White, Jr., White, McElroy, White, Sides & Rector, Dallas, for appellee.

McKAY, Justice.

This is an appeal from a summary judgment for the plaintiff on a promissory note. Appellee Republic National Bank of Dallas sought recovery on a promissory note from Flower Mound Investment Company and appellant Alvin B. Walker. Appellee's motion for summary judgment was supported by the affidavit of Michael L. Pool, one of its banking officers. The affidavit stated that he was competent to testify to the matters contained therein and all statements were made upon his personal knowledge and were true and correct; that he

had authority from his employer to make such affidavit; that on September 17, 1974, Alvin B. Walker executed a promissory note in the principal amount of $4,501.43 with interest thereon at the rate of ten percent per annum due in full on March 17, 1975; that repeated demands had been made for payment; that no payment had been received and default had occurred; that the interest through June 7, 1976, amounted to $775.73 and continues to accumulate at the rate of $1.23 per day; that the original of said note is in possession of appellee; that a true and correct copy of same was attached; and that the amount specified is due and owing.

Appellant's answer to appellee's motion for summary judgment was supported by his own affidavit. The answer and affidavit allege a lack of consideration and that appellant signed as guarantor.

Appellant's affidavit states:

"[W]hile I do not deny, under oath, the execution of the note, I have no independent recollection of the execution of such note. That if I did execute such note I did not receive any money as consideration for the execution of such note . . .; that if I did in fact execute the promissory note in question, I did so under the mistaken impression that I was executing a promissory note as a corporate officer and not as an individual."

Appellant's signature appears on the promissory note in question as follows:

> Flower Mound Investment Co., Inc.
>
> By: /s/ Alvin B. Walker
> Alvin B. Walker
>
> By: /s/ Alvin B. Walker
> Alvin B. Walker, Indiv.

The trial court found there was no genuine issue of material fact raised by appellant's affidavits and granted summary judgment for appellee, from which appellant has perfected this appeal.

In his sole point of error, appellant contends only that the trial court erred in granting summary judgment.

Under Rule 166-A of the Texas Rules of Civil Procedure, the party moving for summary judgment has the burden of proving by means of summary judgment proof independent of the pleadings that there is no genuine issue of fact as to one or more of the essential elements of plaintiff's cause of action, and that he is entitled to judgment as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). In an action on a motion for summary judgment, where the motion is supported by affidavits and other extrinsic evidence sufficient on their face to establish facts which, if proven at the trial, would entitle the movant to an instructed verdict, the opponent must show opposing evidentiary data which will raise an issue as to a material fact, or must justify his inability to do so and seek appropriate protection. *Allen v. Western Alliance Insurance Co.*, 162 Tex. 572, 349 S.W.2d 590, 594 (1961).

In order for a controverting affidavit to be considered as raising a genuine issue of material fact, it must recite that it was made on the personal knowledge of the affiant. The trial judge should not be required to speculate as to whether the affiant could establish the facts stated in his affidavit if he were testifying from the witness stand. *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 233 (Tex.1963). Appellant's affidavit is defective in that it fails to recite that it was made on the personal knowledge of Walker and we cannot consider it. *McDonald v. Clemens*, 464 S.W.2d 450, 455 (Tex.Civ.App.—Tyler 1971, no writ).

However, in our opinion, assuming appellant's controverting affidavit could be considered, it does not raise any fact issue. He does not deny execution of the promissory note. Although he states that he personally failed to receive any consideration, he does not state that Flower Mound Investment Co., Inc., failed to receive any consideration. He then states only that he *mistakenly* signed the note in an individual capacity. In his brief, appellant fails to direct us to any issues of fact which are raised. He states only that "the Defend-

ant's controverting affidavit raises a genuine issue of fact." We hold that appellant has failed to show any opposing evidentiary data which will raise an issue as to a material fact, and appellee was entitled to summary judgment.

Therefore, appellant having presented no competent summary judgment evidence to controvert the summary judgment evidence presented by appellee, we find that there is no genuine issue of material fact as to appellee's cause of action, and Republic National Bank of Dallas is entitled to judgment as a matter of law.

Accordingly, appellant's point of error is overruled, and the judgment of the trial court is affirmed.