**Steve ELDER, Appellant,**

v.

**Harold E. BRO, Appellee.**

**No. B14–90–707–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 16, 1991.

Rehearing Overruled June 13, 1991.

Steve Elder, Brookshire, for appellant.

Stephen D. Ingram, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

OPINION

PAUL PRESSLER, Justice.

A take-nothing summary judgment was granted appellee on its counterclaim seeking a declaratory judgment that the appellant had no ownership interest in an easement. Appellant brings five points of error. We affirm.

Appellant sought an injunction restraining the appellee from obstructing a 25–foot wide gravel road-way referred to as the "Lane" claiming an ownership interest and easement. He also claimed a right-of-way across a 5.0–acre square tract of land for ingress and egress to a 19.414–acre land-

locked tract of land which appellant owned behind the appellee's property. Appellee denied that appellant was entitled to the injunction and counterclaimed pursuant to the Uniform Declaratory Judgment Act, TEX.CIV.PRAC. & REM.CODE ANN. §§ 37.-001–.011 (Vernon 1986 & Supp.1990). The counterclaim sought a declaration denying appellant any right to the land and seeking a recovery of the reasonable and necessary attorney's fees incurred in obtaining declaratory relief.

After a full evidentiary hearing on appellant's motion for temporary injunction, the court denied appellant's motion on May 16, 1989. Appellee then filed a motion for summary judgment on his counterclaim for declaratory relief. On April 16, 1990, the court granted appellee's motion, entered a take-nothing judgment against appellant and awarded appellee reasonable and necessary attorney's fees of $4,705.50, plus costs of court and post-judgment interest. Appellant's motion for rehearing and motion for new trial were denied on June 11, 1990.

█ In his first point of error, appellant claims that the trial court erred in granting a summary judgment on the defendant's counterclaim because the affidavits and sworn pleadings not only raised fact issues, but they also refuted the counterclaim. Appellant relies on his pleadings. A basic element of a summary judgment procedure is that pleadings do not constitute competent summary judgment evidence. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). This also applies to sworn pleadings. *Americana Hotel v. Johnson*, 610 S.W.2d 143, 143 (Tex.1980). Appellant's only evidence was his affidavit of the appellant attached to his response. This affidavit is incompetent as summary judgment evidence because nowhere in it does it state the affiant has personal knowledge of the facts set forth. The affidavit states only that the affiant is "... over the age of 18 years and competent to make this affidavit."

TEX.R.CIV.P. 166a(e) requires that "[s]upporting and opposing affidavits *shall be made on personal knowledge*, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." A controverting affidavit must be made on the personal knowledge of the affiant to raise a genuine issue of material fact. *Walker v. Republic Nat'l Bank of Dallas*, 559 S.W.2d 438, 439 (Tex.Civ.App.—Tyler 1977, no writ).

In ruling on a motion for summary judgment, only admissible testimony having probative force is to be considered. *El Paso Assoc. v. J.R. Thurman & Company*, 786 S.W.2d 17, 19 (Tex.App.—El Paso 1990, no writ). When an affidavit does not state positively and unequivocally that the facts contained in the affidavit are true and within the personal knowledge of the affiant, it is not competent summary judgment evidence. Since the affidavit here did not recite affirmatively that it was made based on the personal knowledge of the affiant, the court should not consider it in ruling on the appellee's *motion for summary judgment*. Appellant's first point of error is overruled.

█ In his second point of error, appellant argues that the trial court erred in treating the appellee's counterclaim as a motion for declaratory relief because it presented no new issues other than those already pending before the court. Appellant relies on *Heritage Life v. Heritage Group Holding*, 751 S.W.2d 229 (Tex.App. —Dallas 1988, writ denied) for the proposition that under the Uniform Declaratory Judgment Act, a counterclaim is improper when it presents no new controversy but is made solely to allow an award of attorney's fees. *Id.* at 235–36; *see Hitchcock Properties, Inc. v. Levering*, 776 S.W.2d 236, 239 (Tex.App.—Houston [1st Dist.] 1989, writ denied). Appellant cites *Joseph v. City of Ranger*, 188 S.W.2d 1013 (Tex.Civ.App.— Eastland 1945, writ ref'd w.o.m.) for the contention that the Declaratory Judgment Act is not available to settle disputes that are already pending before a court. *Id.* at 1014; *Heritage Life*, 751 S.W.2d at 235–36, citing *Narisi v. Legend Diversified Investments*, 715 S.W.2d 49, 51–52 (Tex.App.— Dallas 1986, writ ref'd n.r.e.). These cases

are distinguishable because in none of them did the plaintiff seek declaratory relief in the original suit.

Here, all of appellant's pleadings subsequent to his original petition sought a declaratory judgment as well as injunctive relief. Appellant requested that the court declare the existence of an easement and right-of-way over and across the 5.0 square acre tract. In a suit where the plaintiff seeks a declaratory judgment, a counterclaim for declaratory relief is available to settle the dispute which was brought in the original action. Appellant's second point of error is overruled.

■ Appellant's third point of error disputes an award of attorney's fees as unjustified, or in the alternative, that they were excessive. Appellant cites no authority for his contention. However, in the interest of justice this court will review its merits of his claim. Section 37.009, Texas Civil Practice and Remedies Code, expressly provides that a court may award such costs and reasonable and necessary attorney's fees as are equitable and just. An award of attorney's fees in a declaratory judgment action following summary judgment is proper. *Ritchie v. City of Fort Worth,* 730 S.W.2d 448, 450 (Tex.App.—Fort Worth 1987, writ ref'd n.r.e.).

The trial court is given broad discretion in awarding attorney's fees in a declaratory judgment action. *Intertex, Inc. v. Cowden,* 728 S.W.2d 813, 819 (Tex.App.—Houston [1st District] 1986, no writ.); *Contact Products, Inc. v. Dixico Incorporated,* 672 S.W.2d 607, 610 (Tex.App.—Dallas 1984, no writ.). The grant of attorney's fees in such an action will not be reversed absent a clear showing that the trial court abused its discretion. *Oake v. Collin County,* 692 S.W.2d 454, 455 (Tex.1985).

The appellee filed an affidavit with his motion for summary judgment which specifically enumerated the basis for a recovery of attorney's fees. It set forth what was done for the appellee in handling the case and properly requested attorney's fees based on the affiant's personal knowledge. Appellant submitted no controverting affidavit as to attorney's fees and did not object to the appellee's affidavit as requesting an excessive amount. Thus, there was no fact issue created as to the amount and reasonableness of attorney's fees, and there is no basis for appellant's complaint that the attorney's fees were excessive. Nothing in the record indicates that the trial court abused its discretion. The third point of error is overruled.

■ In the fourth and fifth points of error, appellant claims the trial court erred in denying appellant's temporary injunction and in finding that appellant does not own the "Lane." Appellant seeks to incorporate by reference all the pleadings and supportive materials in the record for this argument. The appellant's fourth and fifth points of error are without merit.

The burden is on the litigant to show that the record supports it's contentions and to point out the place in the record where the matters complained of, or upon which the litigant relies, are shown. *Most Worshipful Prince Hall v. Jackson,* 732 S.W.2d 407, 412 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). Rule 74(f) of the Texas Rules of Appellate Procedure provide in part:

A brief of the argument may present separately or grouped the points relied upon for reversal. The argument shall include: (1) a fair, condensed statement of the facts pertinent to such points, with reference to the pages in the record where the same may be found; and (2) *such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue.*

TEX.R.APP.P. 74(f) (Vernon Pamph.1990) (italics ours). Points of error must be supported by argument and authorities, and if not so supported, the points are waived. *Trenholm v. Ratcliff,* 646 S.W.2d 927, 934 (Tex.1983).

In *Inpetco, Inc. v. Texas American Bank/Houston,* 729 S.W.2d 300 (Tex.1987), the Texas Supreme Court held that a point of error is not waived when it fails to comply with the briefing requirements of TEX.R.APP.P. 74. *Inpetco* was clarified by *Davis v. City of San Antonio,* 752 S.W.2d

518 (Tex.1988), where the Supreme Court rejected the argument that a litigant is "entitled to correct its procedural deficiencies." *Id.* at 521. Neither the Texas Rules of Appellate Procedure nor *Inpetco* create a substantive right to amend briefs. The rules recognize a degree of discretion in reviewing courts. *King v. Graham Holding Co. Inc.,* 762 S.W.2d 296, 299 (1988).

An appeal may be disposed of *partially* on defects or irregularities in the appellate briefs. *See Davis,* 752 S.W.2d at 522; *King,* 762 S.W.2d at 299. Overruling some points of error due to procedural defects, while reaching others on the merits was held to be consistent with the *Inpetco* decision in *Henry S. Miller Mgt. v. Houston State,* 792 S.W.2d 128, 134 (Tex.App.—Houston [1st District] 1990, no writ). Such is not the same as affirming a judgment because of procedural defects in the appellant's brief. A party may still obtain complete or partial relief on other points not waived by those procedural defects. *Id.; see, e.g., Texaco, Inc. v. Pennzoil, Co.,* 729 S.W.2d 768, 810, 815, 866 (Tex.App.—Houston [1st District] 1987, writ ref'd n.r.e.).

In *King* it was held that:

It would be intolerable for an appellant court to be forced to spend an inordinate amount of time preparing for submission of a case, to hear oral arguments without the benefit of proper study, and then to be required to send the cause back to the beginning of the process for rebriefing— and perhaps reargument. Although the wheels of justice turn slowly, they need not roll over the same ground twice.

762 S.W.2d at 299; *see* Gunn, *Unsupported Points of Error on Appeal,* 32 S.Tex.L. Rev. 105 (1990). Appellant's fourth and fifth points of error are overruled. The judgment is affirmed.