**Joe A. IZEN, Jr., Appellant,**

v.

**John F. NICHOLS, Warren Cole, and John F. Nichols & Associates, P.C., Appellee.**

No. 14–95–0961–CV.

Court of Appeals of Texas, Houston, (14th Dist.).

March 13, 1997.

Michael J. Zomcik, Houston, for John F. Nichols and John F. Nichols and Associates.

Fred Knapp, Jr., Houston, for Warren Cole.

Joe A. Izen, Jr., pro se.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

AMIDEI, Justice.

This is an appeal from two summary judgments signed October 28, 1994, and April 21, 1994, made final by severance. In a single point of error, appellant contends the trial court erred in granting the motion for summary judgment. We affirm.

This case arises from a suit filed by appellant, Joe Alfred Izen, Jr., against Martha Mackin Izen (Mackin) for conversion of funds. Mackin filed a cross-claim against appellees, John F. Nichols, Warren Cole, and John F. Nichols and Associates, P.C. (Nichols), alleging, among other things, legal malpractice, breach of contract, breach of fiduciary duty, and violations of the Texas Deceptive Practices Act.

As part of their divorce settlement, Mackin assigned Izen fifty percent undivided interest in her cause of action against appellees. On July 26, 1991, the trial court entered an interlocutory judgment that Mackin take nothing on her claims against appellees. Appellees filed a motion for summary judgment on the issue of the assignability of Mackin's legal malpractice claim to Izen. Attached as an exhibit to appellees' motion was an affidavit of Mackin that states, in part, that

John Nichols, the Firm and Warren Cole did nothing wrong in their representation of me. I was at all times satisfied with their representation and believe they acted in my best interest and as competent lawyers. The allegations made in the malpractice case are the allegations of Michael Minns, Butch Bradt and Joe Izen. They are not my allegations. I have never felt the malpractice case had any merit, and brought it solely to gain additional visitation with my children.

The proper inquiry on appeal is whether appellees, in seeking summary judgment, fulfilled the initial burden 1) to establish as a matter of law that there remained no genuine issue of material fact as to one or more

essential elements of the plaintiff's cause of action, or 2) to establish an affirmative defense to the plaintiff's cause of action as a matter of law. *See Casso v. Brand,* 776 S.W.2d 551, 556 (Tex.1989); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant must be taken as true. *Nixon,* 690 S.W.2d at 549. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. *Id.* Once the movant establishes an affirmative defense which would bar the suit as a matter of law, the non-movant must then produce summary judgment proof raising a fact issue in avoidance of the affirmative defense. *Gonzalez v. City of Harlingen,* 814 S.W.2d 109, 112 (Tex. App.—Corpus Christi 1991, writ denied). When the summary judgment does not state the specific grounds upon which it is granted, it must be affirmed if any one of the grounds asserted in the motion is meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989).

Arguing that *Zuniga* does not address the assignability of causes of actions for breach of contract, fraud, violations of the deceptive trade practices act, and breach of the duty of good faith and fair dealing, Izen contends the trial court erred in granting appellees' motion for summary judgment. Pointing to his ownership of fifty percent of Mackin's cause of action in these claims, Izen claims that the trial court's summary judgment on these grounds was inappropriate. These claims are not before us. The trial court's interlocutory summary judgment signed July 26, 1991, specifically states that "[t]he judgment is without prejudice to the rights of Joe A. Izen, Jr. to proceed under his assignment from Martha Izen." The April 21, 1995, order held "that all legal malpractice and negligence claims herein or which could have been asserted herein by Joe Alfred Izen, Jr., be severed from the original suit." The severance / summary judgment also ordered "the clerk of this court docket the severed claims in a separate cause number 59,359–A, with Martha Mackin Izen and Joe Alfred Izen, Jr. as Plaintiffs and John F. Nichols, John F. Nichols & Associates, P.C., and War-ren E. Cole as Defendants." The only issue before us is the assignability of the legal malpractice claim. None of appellant's other claims are before us because they are still part of the original case pending below.

■ Izen argues that the trial court erred in granting summary judgment based on precedent shaped largely by public policy concerns. *See Zuniga v. Groce, Locke & Hebdon,* 878 S.W.2d 313, 316–18 (Tex.App.—San Antonio 1994, writ ref'd). When the Texas Supreme Court "refused" the application for writ of error in *Zuniga,* it determined that the "the principles of law declared in the opinion of the court are correctly determined." Tex.R.App.P. 133(a). The holding in *Zuniga,* was adopted by this court earlier this year. *See McLaughlin v. Martin,* 940 S.W.2d 261 (Tex.App.—Houston [14th Dist.] 1997, n.w.h.). In *Zuniga,* the San Antonio Court of Appeals found that the integrity of the legal profession and the attorney-client relationship would be severely undermined by recognizing the assignability of legal malpractice claims. *Id.* at 318. The court reasoned that if a "judgment-proof" defendant could assign to the plaintiff a malpractice claim against his own lawyer, the plaintiff might be tempted to replace the under-capitalized defendant with a more solvent target—the defendant's attorney. *Id.* at 317–18. We agree.

*McLaughlin* and *Zuniga* predicted that if a legal malpractice claim was assignable, parties would be tempted to convert it into a commodity to be exploited and transferred to economic bidders to whom the attorney never owed a legal duty. *Zuniga,* 878 S.W.2d at 316 n. 4. Attorneys would be placed in the awkward position of, on one hand, zealously protecting all of his client's rights and, on the other, facing concerns that his client might consider assigning a malpractice claim against him to settle the case or satisfy a debt to a third party. *City of Garland v. Booth,* 895 S.W.2d 766, 770 (Tex.App.—Dallas 1995, writ denied). The assignability of malpractice claims could eventually make lawyers reluctant to represent under-insured or insolvent clients for fear of becoming the most attractive target in the lawsuit. *Zuniga,* 878 S.W.2d at 317–18.

Despite appellant's arguments to the contrary, we find the policy considerations raised in *Zuniga, City of Garland,* and *McLaughlin* justify barring assignment here. *Zuniga* warned of the commercial aspect of the assignability of legal malpractice claims, describing it as "rife with probabilities that could only debase the legal profession." *Zuniga,* 878 S.W.2d at 316 n. 4 (quoting *Goodley v. Wank & Wank, Inc.,* 62 Cal.App.3d 389, 397, 133 Cal.Rptr. 83, 87 (1976)). The result envisioned was a lucrative business of factoring malpractice claims that would encourage unjustified lawsuits against members of the bar, generate an increase in malpractice litigation, promote champerty, and force attorneys to defend themselves against strangers. *Id.* Based on the summary judgment evidence before this court, it appears *Zuniga*'s predictions have come to pass.

■ In an effort to persuade the court not to follow the *Zuniga* precedent, appellant asserts the following three arguments: 1) that to do so would be a denial of due process that would constitute a taking of property without just compensation; 2) that to do so would be a violation of the open courts provision; and 3) that appellee is judicially estopped because of personal bankruptcy. However, appellant has waived these arguments because he did not cite any authority to support his claims. *Trenholm v. Ratcliff,* 646 S.W.2d 927, 934 (Tex.1983); *Casteel–Diebolt v. Diebolt,* 912 S.W.2d 302, 304–305 (Tex. App.—Houston [14 Dist.] 1995, no writ); *Elder v. Bro,* 809 S.W.2d 799, 801 (Tex. App.—Houston [14th Dist.] 1991, writ denied); see also Tex.R.App.P. 74(f).

Finding the public policy considerations set forth in *Zuniga* persuasive and applicable to the circumstances of this case. He hold that the invalidity of the assignment of the legal malpractice claim constitutes sufficient grounds for the disposition of this appeal. *See Rogers v. Ricane Enterprises, Inc.,* 772 S.W.2d 76, 79 (Tex.1989). We overrule appellant's sole point of error, and affirm the judgment of the trial.