**Larry JUSTICE, Beth Justice, and Karen Justice, Appellants**

v.

**STATE FARM LLOYDS INSURANCE COMPANY and FTI/SEA Consulting, Appellees.**

**No. 14–06–00248–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 15, 2008.

Harry C. Arthur, Houston, for appellants.

Christopher W. Martin, Dana T. Williams, Levon G. Hovnatanian, Otto Jackie-Don Schacht, and William J. Eggleston, Houston, for appellees.

Panel consists of Justices YATES, FROST, and EDELMAN.*

## MAJORITY OPINION

RICHARD H. EDELMAN, Senior Justice.

In this insurance coverage dispute, Larry Justice, Beth Justice, and Karen Justice ("the Justices") appeal a take-nothing summary judgment entered in favor of State Farm Lloyds Insurance Company ("State Farm") and FTI/SEA Consulting ("FTI") on the grounds that their summary judgment evidence raised fact issues on their

---

* Senior Justice Richard H. Edelman, sitting by assignment.

claims against State Farm and FTI. We affirm.

## Background

A tree fell on the Justices' house in 2000, the Justices made a claim under their State Farm homeowner's insurance policy (the "policy"), and State Farm paid the claim. In 2001, the Justices discovered mold in the walls of their house and reported the claim to State Farm. State Farm sent the Justices a reservation of rights letter, hired FTI to conduct an industrial hygiene evaluation, and paid the Justices over $137,000 for remediation of their home, alternative living expenses, and cleaning costs on this claim. Thereafter, the Justices filed suit against State Farm and FTI for additional mold damage. State Farm and FTI each filed a motion for summary judgment, which the trial court granted.

## Standard of Review

A traditional summary judgment may be granted if the motion and summary judgment evidence show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). A no-evidence motion for summary judgment must be granted unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact on each essential element of the claim for which the motion states there is no evidence. Id. 166a(I).

■■■ In reviewing a summary judgment, we review the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Yancy v. United Surgical Partners Int'l, Inc.,* 236 S.W.3d 778, 782 (Tex.2007). Where, as here, the trial court does not specify on which grounds the summary judgment is based, the appealing party must show that it is error to base it on any ground asserted in the motion. *Star–Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex.1996).

## State Farm

### *Breach of Contract Claim*

■■■ State Farm moved for summary judgment against the Justices' claim for breach of contract on the ground, among others, that this claim was barred by the mold exclusion in the policy (the "mold exclusion"). *See, e.g., Fiess v. State Farm Lloyds,* 202 S.W.3d 744 (Tex.2006). The Justices contend that the mold exclusion is somehow overcome by a provision of the State Farm Adjuster's Guide, purportedly stating that if the original claim is covered, such as the damage from a wind blown tree, then any loss that proximately results is therefore covered.[1] However, the Justices' brief provides no legal authority[2] suggesting that a provision of the Adjusters Guide could be controlling, relevant, or even admissible concerning the meaning or scope of coverage of the policy.[3] Nor does it indicate how such a provision, even if applicable, could overcome an express exclusion in the policy. Therefore, this contention affords no basis for relief, and the Justices' challenge to the summary judg-

---

1. The Justices do not assert coverage under any "ensuing loss" clause of the policy.

2. *See* Tex.R.App. P. 38.1(h) (requiring appellant's brief to contain citations to legal authority in support of arguments).

3. The Justices' challenges to the summary judgment based on State Farm's failure to specifically deny coverage and estoppel arising from State Farm's payments of some of their claims are also unsupported by authority.

ment against their breach of contract claim is overruled.

### Extra–Contractual Claims

State Farm moved for summary judgment against the Justices' extracontractual claims on the ground, among others, that the absence of policy coverage over a claim (as we concluded in the preceding section) generally precludes liability for common law and statutory bad faith claims. *See, e.g., Progressive County Mut. Ins. Co. v. Boyd,* 177 S.W.3d 919, 922 (Tex.2005). Because the Justices' brief fails to address this ground, we have no basis to conclude that the trial court erred in sustaining it, and the Justices' challenge to the summary judgment against their extracontractual claims is overruled.

### Negligence

■ The Justices alleged that: (1) State Farm was negligent in failing to identify a part of their house that had been damaged by the tree; and (2) water from subsequent heavy rains entered the house through this damaged area, causing additional mold damage. State Farm moved for summary judgment against this negligence claim on the ground that Texas law does not recognize a cause of action for negligent claim handling. *See, e.g., Higginbotham v. State Farm Mut. Auto. Ins. Co.,* 103 F.3d 456, 460 (5th Cir.1997). The Justices' brief asserts that the holding in *Higginbotham* does not apply to their claim because the adjuster assumed a duty to determine water leaks and the origin of water entry. However, their brief cites no legal authority or evidence supporting the

existence of such a duty or explaining how any such negligence would fall outside the scope of claim handling for which Texas recognizes no negligence duty. Accordingly, this contention is without merit, and we overrule the Justices' first issue, challenging the summary judgment in favor of State Farm.

### FTI

FTI was hired by State Farm to perform an industrial hygiene test of the Justices' house to determine the extent of any mold growth. As relevant to this appeal, the Justices' sued FTI for negligence in failing to initially detect some of the areas containing mold, causing them to: (1) be without the use of their home and personal items stored there; and (2) incur additional expense.[4] FTI moved for summary judgment on the grounds, among others, that there was no evidence that FTI breached any duty it owed to the Justices or that any breach by FTI proximately caused any of the damages claimed by the Justices.

■ The Justices' brief does not address what legal basis establishes that FTI owed a negligence duty to them, and agents of insurance companies generally have no duty to insureds for negligence in investigating claims.[5] In addition, to the extent that FTI was hired by State Farm to identify mold damage *that could be covered by the policy,* the Justices summary judgment response and brief on appeal do not explain how any negligence by FTI in failing to initially locate the full extent of the mold in their house could

---

**4.** Because the Justices do not assign error to the summary judgment against their deceptive trade practice claims against FTI, we do not address those claims.

**5.** *See Nitzsche v. Teams of Texas,* No. 14–05–00876–CV, 2007 WL 925803 at *2 (Tex.App.-

Houston [14th Dist.] March 29, 2007, no pet.); *Dagley v. Haag Engineering Co.,* 18 S.W.3d 787, 791 (Tex.App.-Houston [14th Dist.] 2000, no pet.); *see also Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 698 (Tex.1994).

have caused them damage if the mold was not covered by the policy in any event, as we have concluded in the preceding section. Because the Justices' second issue thus affords no basis for relief, it is overruled, and the judgment of the trial court is affirmed.

FROST, J., concurring.

## CONCURRING OPINION

KEM THOMPSON FROST, Justice.

I respectfully concur.

### Breach of Contract Claim Against State Farm[1]

The insurance policy in issue (a form of HO–B policy approved in Texas) contains the following exclusion: "We do not cover loss caused by: rust, rot, mold, or other fungi." Appellants claim that even though their insurance policy with State Farm specifically excludes coverage for mold, a provision in the State Farm Adjuster's Guide provides coverage when any loss proximately results from an original claim that is covered, such as damage from a wind-blown tree.[2] Appellants urge that State Farm's failure to provide coverage for the mold as a covered loss under the provision in the Adjuster's Guide amounts to a breach of contract. State Farm moved for summary judgment on the basis that any recovery on the contract claim was barred by the policy's mold exclusion.

A reviewing court generally interprets an insurance policy under the same rules of construction as any other contract, reading all parts of a contract together and viewing the contract in its entirety to give

---

**1.** As to appellants' claims of breach of contract, negligence, and extra-contractual loss against State Farm, appellants provide no analysis or citations to the record or legal authorities. Therefore, appellants have waived these issues. See TEX. R. APP. P. 38.1(h); San Saba Energy, L.P. v. Crawford, 171 S.W.3d 323, 338 (Tex.App.-Houston [14 Dist.] 2005, no pet.) (holding that, even though courts interpret briefing requirements reasonably and liberally, parties asserting error on appeal still must put forth some specific argument and analysis citing the record and authorities in support of the parties' argument). However, under binding precedent, courts cannot resolve all of the issues in an appeal based on briefing waiver. See TEX. R. APP. P. 44.3 ("A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities."); Inpetco, Inc. v. Texas American Bank/Houston, N.A., 729 S.W.2d 300, 300 (Tex.1987) (per curiam) (stating that, under predecessor to Rule 44.3, a court of appeals cannot overrule all issues and affirm trial court's judgment based only on briefing waiver); Elder v. Bro, 809 S.W.2d 799, 802 (Tex.App.-Houston [14th Dist.] 1991, writ denied) (holding that appellate courts may overrule some of appellant's issues based on briefing waiver, but must not overrule all of them based on briefing waiver). For this reason, it is appropriate to reach the merits of appellants' issue as to the breach-of-contract claim against State Farm.

**2.** The State Farm Adjuster's Guide provides general guidelines for its claims representatives. Among these guidelines is a provision that if an original claim is covered by the policy (in this case the damage from the wind-blown tree), then any loss proximately resulting from the original claim is covered. However, the Adjuster's Guide contains additional guidelines specifically devoted to "Water Losses Involving Mold," which provide that the ensuing discussion is based on certain policy language of a Homeowners Form FP–7955 and that "other state-specific Homeowners policies may have different language that may affect these coverage interpretations." This case does not involve Homeowners Form FP–7955, and the Adjuster's Guide is not specific to Texas. This case involves a distinct Texas standard form HO–B policy prescribed by the Texas Department of Insurance. The Adjuster's Guide specifically limits its analysis to considering "whether the loss qualifies under the insuring agreement and conditions and whether any exclusions apply."

effect to the written expression of the parties' intent.[3] Applying the ordinary rules of contract construction to insurance policies, the reviewing court ascertains the parties' intent by looking only to the four corners of the insurance agreement to see what is actually stated and does not consider what was allegedly meant.[4] When, as in this case, the claim involves a standard form insurance policy approved by a state regulatory agency, the everyday meaning of the words to the general public determines the parties' actual intent.[5]

If a court can ascertain only one reasonable meaning of the policy provision, the insurance contract is not ambiguous, and the court will enforce it as written.[6] However, when words in a contract are susceptible to more than one reasonable interpretation, the contract is deemed ambiguous.[7] We determine whether a contract is ambiguous, as a question of law, by examining the entire contract in light of existing circumstances at the time the parties formed the contract.[8] When considering exclusionary provisions of an insurance policy, as in this case, a court "must adopt the construction ... urged by the insured as long as that construction is not unreasonable, even if the construction urged by the insurer appears to be more reasonable or a more accurate reflection of the parties' intent."[9] However, a court will construe a policy exclusion against an insurer and in favor of coverage only when construing a policy provision that is ambiguous.[10]

The language in the insurance policy with respect to the mold exclusion is not ambiguous.[11] Considering that unambiguous provision and the language of the entire insurance policy, there is no coverage for appellants' claim.[12] This court cannot consider extrinsic evidence from the Adjuster's Guide, which is not part of the insurance policy, to override the unambiguous language of the policy.[13] As a result,

**3.** *Balandran v. Safeco Ins. Co. of Am.,* 972 S.W.2d 738, 740–41 (Tex.1998).

**4.** *Fiess v. State Farm Lloyds,* 202 S.W.3d 744, 747 (Tex.2006); *Williams Consolidated I, Ltd./ BSI Holdings, Inc. v. TIG Ins. Co.,* 230 S.W.3d 895, 902 (Tex.App.-Houston [14th Dist.] 2007, no pet.); *Esquivel v. Murray Guard, Inc.,* 992 S.W.2d 536, 544 (Tex.App.-Houston [14th Dist.] 1999, pet. denied).

**5.** *Fiess,* 202 S.W.3d at 746; *Progressive County Mut. Ins. Co. v. Sink,* 107 S.W.3d 547, 551 (Tex.2003).

**6.** *Fiess,* 202 S.W.3d at 746; *State Farm Fire & Cas. Co. v. Vaughan,* 968 S.W.2d 931, 933 (Tex.1998).

**7.** *Kelley–Coppedge, Inc. v. Highlands Ins. Co.,* 980 S.W.2d 462, 464 (Tex.1998).

**8.** *Id.* at 464.

**9.** *Fiess,* 202 S.W.3d at 746 (stating that, when there is more than one reasonable interpretation of an exclusionary provision, it should be construed in favor of the insured as long as such construction is not unreasonable); *Balandran,* 972 S.W.2d at 741.

**10.** *Fiess,* 202 S.W.3d at 746.

**11.** *See id.* at 748.

**12.** *See id.* (considering the insurance policy in its entirety, a policy provision is unambiguous in setting forth, "We do not cover loss caused by mold"); *Lundstrom v. United Services Auto. Ass'n–CIC,* 192 S.W.3d 78, 91 (Tex.App.-Houston [14th Dist.] 2006, pet. denied) (presuming without deciding that even if the mold were a covered loss under the policy, the mold is not covered under an "ensuing loss" exception within the policy). As correctly noted by the majority, appellants do not assert coverage under any "ensuing loss" exception to the policy. *See* 246 S.W.3d at 764 p. 3, n. 1. Appellants, in response to State Farm's motion for summary judgement, conceded that "[t]he 'ensuing loss' provision of the policy has nothing to do with this claim."

**13.** *See Fiess,* 202 S.W.3d at 747; *Nat'l Union Fire Ins. Co. of Pittsburgh v. CBI Indus., Inc.,* 907 S.W.2d 517, 521 (Tex.1995).

no provision in the Adjuster's Guide can change the lack of coverage from the policy.[14] Because the insurance policy does not provide coverage for mold as a matter of law, the trial court correctly granted State Farm's motion for summary judgement on the breach-of-contract claim.[15]

### Negligence Claim Against State Farm

In overruling appellants' issue regarding their negligence claim against State Farm, the court relies on *Higginbotham v. State Farm Mutual Auto Insurance Co.*, in which the Fifth Circuit held that the insured's negligence claim failed because the alleged actionable conduct of the insurer was solely its breach of contract and therefore the claim sounded only in contract. 103 F.3d 456, 460 (5th Cir.1997). Obiter dictum in *Higginbotham* provides, "In essence, Texas law does not recognize a cause of action for negligent claims handling." [16] This dictum is not a holding, but even if it were a holding of the Fifth Circuit, it is not binding upon this court.[17] Additionally, though the majority indicates that Texas law does not allow a negligence claim to be brought in the context of claims handling, this issue is a matter of first impression for both the Texas Supreme Court and this court.[18] Resolution of this issue, however, is not necessary

today because appellants have waived their complaint by inadequate briefing. Appellants have not presented a single argument or citation in support of the negligence claim. They have failed to provide legal authorities or analysis in support of the proposition that an employee of State Farm owed or assumed a negligence duty to them.[19] Therefore, appellants' first issue fails on the basis of briefing waiver.

---

**14.** *See Fiess*, 202 S.W.3d at 747.

**15.** *See Esquivel*, 992 S.W.2d at 544 (concluding summary judgment is appropriate when a case involves interpretation of an unambiguous contract).

**16.** *Higginbotham*, 103 F.3d at 460.

**17.** *Penrod Drilling Corp. v. Williams*, 868 S.W.2d 294, 295 (Tex.1993) (holding that court of appeals erred in considering itself bound by Fifth Circuit precedents).

**18.** Some courts of appeals have concluded that negligence claims can sometimes be asserted in the claims-handling context. *See St. Paul Surplus Lines Ins. Co. v. Dal–Worth Tank Co., Inc.*, 917 S.W.2d 29, 53–54 (Tex.App.-

Amarillo 1995); *aff'd in part and rev'd in part on other grounds*, 974 S.W.2d 51 (Tex.1998) (per curiam).

**19.** *See* Tex.R.App. P. 38.1(h) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *San Saba Energy, L.P.*, 171 S.W.3d at 338 (holding that parties asserting error on appeal must put forth some specific argument and analysis citing the record and authorities in support of the parties' argument); *Wright v. Greenberg*, 2 S.W.3d 666, 673 (Tex.App.-Houston [14th Dist.] 1999, pet. denied) ("A point of error not supported by authority is waived.").