**Order filed August 28, 2014**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00094-CV

_____

### ALAN NELSON CROTTS, Appellant

### V.

### JESSALYN ELIZABETH COLE, Appellee

---

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 73368**

---

## ORDER

Appellant's brief was filed on April 23, 2014. On August 15, 2014, appellee moved to dismiss the appeal, asserting appellant has not properly presented this cause in his brief. Appellant failed to substantially comply with Rule 38 of the Texas Rules of Appellate Procedure. In particular, appellant has failed to provide a clear and concise argument for each contention made with appropriate citations to the record and to authority. Tex. R. App. P. 38.1(f), (g), (h) and (i). Appellee also identified other deficiencies in her motion.

Appellant filed a response in opposition to dismissal and a motion for leave to amend his brief. Although substantial compliance with the briefing requirements is sufficient, we may order re-briefing when there are flagrant formal defects or substantive defects. *See* Tex. R. App. P. 38.9. If another noncomplying brief is filed, the court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief. *Id.* If an appellant fails to timely file a brief, the appellate court may dismiss the appeal for want of prosecution. *Id.*

In addition, Texas Rule of Appellate Procedure 44.3 states: "A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities." Tex. R. App. P. 44.3; *see also Inpetco, Inc. v. Texas Am. Bank/Houston, N.A.,* 729 S.W.2d 300 (Tex. 1987) (denying review but stating the court of appeals erred in affirming the trial court on the basis of briefing inadequacies without first ordering appellant to rebrief); *Elder v. Bro*, 809 S.W.2d 799, 802 (Tex. App.—Houston [14th Dist.] 1991, writ denied) (holding that appellate courts may overrule some of appellant's issues, but not all of them, based on briefing waiver). Litigants who appear pro se must comply with the applicable procedural rules and are held to the same standards that apply to licensed attorneys. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978); *Steffan v. Steffan*, 29 S.W.3d 627, 631 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

Accordingly, we **DENY** appellee's motion to dismiss the appeal and **GRANT** appellant's motion for leave to amend his brief. The court **ORDERS** appellant to file an amended brief substantially complying with the Rules of Appellate Procedure on or before **September 26, 2014.** *See* Tex. R. App. P. 38.9(b). If appellant fails to file an amended brief as ordered herein, the appeal will be dismissed for want of prosecution. *See* Tex. R. App. P. 42.3(b).

PER CURIAM