

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00060-CV

KILGORE INDEPENDENT SCHOOL DISTRICT, ET AL., Appellants

V.

DARLENE AXBERG, JOHN CLAUDE AXBERG, SHEILA ANDERSON,
AND THE STATE OF TEXAS, Appellees

On Appeal from the County Court at Law No. 2
Gregg County, Texas
Trial Court No. 2016-1850-CCL2

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Chief Justice Morriss

# O P I N I O N

On June 29, 2015, the Board of Trustees of Kilgore Independent School District (KISD) voted to repeal KISD's local option homestead exemption (LOHE). That repeal came just fourteen days after Governor Greg Abbott signed Senate Bill No. 1 (SB1), which (A) was to become effective on the later passage of an enabling constitutional amendment by the voters, (B) increased a statewide homestead exemption, and (C) forbade any local taxing authority with a LOHE in place in 2014 from repealing that LOHE before the end of calendar year 2019. Darlene Axberg, John Claude Axberg, and Sheila Anderson (collectively Axberg) sued KISD, seven individual members of KISD's Board of Trustees in their official capacities, and the school superintendent, Cara Cooke, in her official capacity, alleging that KISD's repeal of the LOHE was invalid because it violated state law, that taxes subject to the LOHE had been illegally collected, and that Cooke and each of the Trustees committed various ultra vires actions. Axberg's petition sought a declaratory judgment, a permanent injunction, a tax refund, attorney fees, and costs. KISD, Cooke, and the Trustees filed a plea to the jurisdiction and motion to dismiss, which the trial court denied.

On appeal, KISD, Cooke, and the Trustees contend that the trial court erred in denying their plea to the jurisdiction and motion to dismiss because KISD is immune under governmental/sovereign immunity, Axberg failed to plead and support ultra vires claims against Cooke and the individual Trustees, Axberg failed to exhaust her administrative remedies, the claims against Cooke and the individual Trustees are barred by educator and official immunity, the claims against KISD are barred by the election of remedies, and the claims against the individual Trustees and Cooke should be dismissed as redundant of the claims against KISD.

2

We reverse the trial court's order in part, to the extent it refused to dismiss the ultra vires claims, and render judgment dismissing those claims; but we otherwise affirm the trial court's actions below and remand the remainder of this lawsuit for further proceedings consistent with this opinion. We take this action because (1) the Trustees voting on Board propositions and the superintendent executing Board directives are not ultra vires actions, (2) KISD is not immune to Axberg's claims, (3) Axberg was not required to exhaust administrative remedies, and (4) the election of remedies does not bar Axberg's claims against KISD.

The important facts are undisputed. Before 2015, Section 11.13(b) of the Texas Tax Code prohibited school districts from taxing the first $15,000.00 of the appraisal value of a resident's homestead (State Homestead Exemption). Act of May 29, 2015, 84th Leg., R.S., ch. 465, § 1, 2015 Tex. Gen. Laws 1779, 1779 (current version at TEX. TAX CODE § 11.13(b) (West Supp. 2016)). Under Section 11.13(n), a local government entity, such as a school district, had the option of instituting an additional homestead exemption, the LOHE, further exempting from taxation "a percentage of the appraised value" of the resident's home by adopting the exemption before July 1 of the tax year in which the LOHE would be claimed. TEX. TAX CODE ANN. § 11.13(n) (West Supp. 2016).[1]

In 2015, SB1 was passed and signed, raising the State Homestead Exemption to $25,000.00 and creating Section 11.13(n-1), which states, in relevant part, that "a school district . . . that adopted an exemption under Subsection (n) for the 2014 tax year may not reduce the amount or

---

[1]The percentage exempted under a local option homestead exemption may not exceed twenty percent, and if the percentage produces an exemption that falls below $5,000.00 when applied to any particular homestead, the owner of that property is entitled to an exemption of $5,000.00. TEX. TAX CODE ANN. § 11.13(n).

3

repeal the exemption. This subsection expires December 31, 2019." TEX. TAX CODE ANN. § 11.13(n-1). SB1 states that it "applies beginning with the 2015 tax year" and that its provisions "take . . . effect on the date on which the constitutional amendment proposed by S.J.R.1 . . . take effect," but if the voters do not approve the amendment, then SB1 "has no effect." Act of May 29, 2015, 84th Leg., R.S., ch. 465, §§ 26, 27(a)(1), 2015 Tex. Gen. Laws 1779, 1786. Senate Joint Resolution 1 (SJR1) states, "The amendments to . . . this constitution take effect for the tax year beginning January 1, 2015."[2] *Id.* Voters approved the amendments proposed by SJR1 on November 3, 2015.

During the 1980s, KISD adopted a LOHE, and it was still in effect for the 2014 tax year. On June 29, 2015, two weeks after the governor signed SB1, but four months before the election, KISD's Board of Trustees repealed its LOHE, effective for the 2015 tax year. On June 15, 2016, the Attorney General of Texas and the Texas Education Commissioner sent a joint letter to KISD Superintendent, Cara Cooke, warning her that the school district's repeal of its LOHE violated Section 11.13(n-1).

Axberg's suit against KISD, its seven Trustees in their official capacities, and Cooke, in her official capacity,[3] alleged that they violated Section 11.13(n-1) by repealing the LOHE. The petition sought a declaratory judgment that Section 11.13(n-1) was constitutional, that

---

[2]SJR1 amends the Texas Constitution to change the amount of the State Homestead Exemption and to authorize the Legislature to prohibit local governing bodies from reducing or repealing their LOHE.

[3]Axberg also named as a defendant Kirk Shields, in his official capacity as Tax Assessor-Collector of Gregg County, Texas. The record is unclear regarding what claims were made against Shields. He filed a plea to the jurisdiction, which the trial court denied. However, the claims against Shields, whatever the claims may have been, were later nonsuited, and Shields' appeal from the trial court's denial of his plea to the jurisdiction was voluntarily dismissed.

4

Section 1-b(e), as amended by SJR1, prohibited school districts from repealing or reducing a LOHE at any time between January 1, 2015, and December 31, 2019, that KISD's repeal was void as a matter of law, and that the defendant officials acted ultra vires by repealing the LOHE and subsequently failing to reinstate the LOHE, which allowed the continued assessment and collection of taxes that would have been avoided by the LOHE. The petition also sought a permanent injunction mandating that KISD and the officials reinstate the LOHE for application in the 2015 through 2019 tax years and stop collection, a refund of the "illegally collected taxes" that Axberg claims to have paid "under duress," attorney fees, and costs. The State of Texas intervened in the case on Axberg's behalf.

In response to Axberg's lawsuit, KISD, Cooke, and the Trustees filed an answer, a motion to dismiss, and a plea to the jurisdiction. The motion to dismiss argued that it was "unnecessary and redundant" to name as defendants KISD, the individual Trustees in their official capacities, and Cooke in her capacity as superintendent, because Cooke was merely an employee of KISD, and the Trustees and KISD "are one and the same entity," and therefore either KISD or the named officials should be dismissed as parties. Attacking the jurisdiction, the defendants argued that (A) Axberg's suit was actually a suit for the recovery of money damages disguised as a declaratory judgment action; (B) the claims against the KISD and the Trustees in their official capacities were barred by governmental/sovereign immunity; (C) the claims against the Trustees and Cooke in their official capacities were barred by educator statutory immunity under the Education Code and the common law doctrine of official immunity; (D) Axberg had failed to plead a clear and unambiguous waiver of the Appellants' immunities; (E) the claims were barred by the election of

5

remedies statute; and (F) Axberg had failed to exhaust all administrative remedies under the Tax Code for their tax claims and under the Education Code for their claims against Cooke and the Trustees. In their joint response to the defense motions, Axberg and the State argued that (A) KISD, Cooke, and the Trustees could not assert governmental or official immunity against Axberg's claims for declaratory judgment or injunctive relief because they had been accused of acting ultra vires, (B) the claims for a refund of illegally collected taxes were not claims for money damages and were not precluded by governmental or official immunity, (C) educator statutory immunity was inapplicable, (D) Axberg was not required to exhaust administrative remedies, and (E) KISD, Cooke, and the Trustees in their official capacities were proper parties.

After conducting a hearing on the matter, the trial court held that it had jurisdiction over the case as pled by Axberg.[4] The trial court's written order denied both the motion to dismiss and the plea to the jurisdiction. The Appellants timely filed this appeal.

A plea to the jurisdiction is a dilatory plea that seeks the dismissal of a case for lack of subject-matter jurisdiction; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) (quoting *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)). Whether a trial court has subject-matter jurisdiction is a question of law we review de novo. *Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007). In making that determination, we examine de novo whether the facts alleged in a pleading, and, if applicable, the evidence, affirmatively demonstrate a trial court's

---

[4]The trial court also heard arguments on the Appellants' motion to reconsider and Axberg's motion for summary judgment.

6

subject-matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Generally, a plea to the jurisdiction "should be decided without delving into the merits of the case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). When reviewing a plea to the jurisdiction in which the pleading requirement has been met and evidence has been submitted to support the plea that implicates the merits of the case, we take as true all evidence favorable to the nonmovant, as well as indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *See Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

If a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent. *Id.* If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction, but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend. *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend. *Id.*

If a plea to the jurisdiction, however, challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *See Bland*, 34 S.W.3d at 555. When the consideration of a trial court's subject-matter jurisdiction requires the examination of evidence, the trial court exercises its discretion in deciding whether the jurisdictional determination should

7

be made at a preliminary hearing or await a fuller development of the case, mindful that this determination must be made as soon as practicable. *Id*. at 554. If the challenge implicates the merits of the plaintiffs' cause of action and the relevant evidence is undisputed or fails to raise a fact question regarding subject-matter jurisdiction, the trial court rules on the plea to the jurisdiction as a matter of law, but if evidence creates a fact question regarding jurisdiction, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the finder of fact. *Miranda*, 133 S.W.3d at 227–28.[5]

*(1)     The Trustees Voting on Board Propositions and the Superintendent Executing Board Directives Are Not Ultra Vires Actions*

KISD, Cooke, and the Trustees argue that Axberg failed to sufficiently allege and support ultra vires claims against the Trustees and Cooke.[6]

Government entities and their employees, acting within the scope of their employment, are generally immune from liability in the absence of a waiver or consent. *See Miranda*, 133 S.W.3d at 224. However, sovereign immunity does not prohibit suits against a state official or officer of a state entity if the official's actions are ultra vires. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). Plaintiffs have alleged an ultra vires act when they "allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Id*. "A government officer with some discretion to interpret and apply a law may nonetheless act 'without legal authority,' and thus ultra vires, if he [or she] exceeds the bounds of [the] granted authority or

---

[5]The standard mirrors that of a summary judgment under Rule 166a(c) of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 166a(c).

[6]The petition vaguely alleges that the "Defendants" committed ultra vires acts, but during oral argument, Axberg conceded that the ultra vires allegations are directed solely at Cooke and the Trustees, not at KISD.

8

if [the] acts conflict with the law itself." *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 158 (Tex. 2016). "Ministerial acts," on the other hand, are those "where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 587 (Tex. 2015) (quoting *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex. 1994)).

Not every mistake or misinterpretation of the law amounts to an ultra vires act. *Hall v. McRaven*, 508 S.W.3d 232, 241 (Tex. 2017). It is not an ultra vires act for an official or agency to make an erroneous decision while staying within its authority. *Id*. at 242 n.4. When an official is granted discretion to interpret the law, an act is not ultra vires merely because it is erroneous— "[o]nly when these improvident actions are unauthorized does an official shed the cloak of the sovereign and act ultra vires." *Id*. at 243. "An ultra vires doctrine that requires nothing more than an identifiable mistake . . . would swallow immunity" rather than create a narrow exception to it. *Id*. Mere allegations that an official is not fully complying with regulatory requirements would be insufficient to invoke the ultra vires exception to the exhaustion requirement. *See Appraisal Review Bd. Of Harris Cty. v. O'Connor & Assocs.*, 267 S.W.3d 413, 419 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (argument that agency hearings were being conducted in manner that did not fully comply with statutory procedural requirements was insufficient to invoke ultra vires exception).[7] An official acting within the scope of his authority can avoid ultra vires liability if

[7]*See also Friends of Canyon Lake, Inc. v. Guadalupe-Blanco River Auth.*, 96 S.W.3d 519, 528 (Tex. App.—Austin 2002, pet. denied) (allegations that agency failed to provide required notice and information as part of application process were insufficient to invoke exception); *see also Janek v. Gonzalez*, No. 03-11-00113-CV, 2013 WL 1748795, at *8 (Tex. App.—Austin Apr. 17, 2013, no pet.) (mem. op.) (claims that the Commissioner of the Texas Health and Human Services Commission failed to comply with statutory and regulatory requirements under the Food Stamp Program were insufficient to invoke the ultra vires exception because they did not involve actions outside the

his conduct was based on the misinterpretation of a collateral law, but if the conduct is based on the misinterpretation of the boundaries of his authority, it can give rise to an ultra vires claim. *See Hall*, 508 S.W.3d at 241–42.

Here, Axberg's petition contends that Cooke and the Trustees acted ultra vires and violated the provisions of Section 11.13(n-1) and the Texas Constitution as amended by SJR1 when they repealed the LOHE and, after SB1 became effective, failed to reinstate the LOHE, which allowed the continuing assessment and collection of taxes that would have been subject to the LOHE. However, "merely asserting legal conclusions or labeling a defendant's actions as 'ultra vires,' 'illegal,' or 'unconstitutional' does not suffice to plead an ultra vires claim—what matters is whether the facts alleged constitute actions beyond the governmental actor's statutory authority, properly construed." *Tex. Dep't of Transp. v. Sunset Transp., Inc.*, 357 S.W.3d 691, 702 (Tex. App.—Austin 2011, no pet.).

First, we address Cooke. We find that Axberg has failed to plead and support an ultra vires claim against Cooke. Axberg acknowledged that Cooke did not vote to revoke the LOHE, but that she was merely "the principal officer of *the school district* that illegally raised taxes and is illegally collecting illegal property taxes." (Emphasis added). During oral argument, Axberg clarified that Cooke's ultra vires action(s) consisted of implementing the policies of the Board of Trustees, which is within the authority of a superintendent. *See* TEX. EDUC. CODE ANN. §§ 11.051(a)(2),

Commissioner's authority and the applicants failed to exhaust administrative remedies); *Tex. Comm'n of Licensing & Regulation v. Model Search Am., Inc*., 953 S.W.2d 289, 292 (Tex. App.—Austin 1997, no writ) (explaining that claim that agency had authority to interpret statute but had interpreted provision incorrectly was insufficient to invoke ultra vires exception because the possibility that the agency might interpret provision incorrectly did not destroy its authority to make that determination).

10

11.201(d)(5), (7) (West 2012).  An ultra vires claim may not be brought against "a nominal, apex representative who has nothing to do with the allegedly ultra vires action" because ultra vires claims against a government actor must be confined to that defendant's conduct.  *Hall*, 508 S.W.3d at 240 (quoting *Patel v. Tex. Dep't of Licensing & Regulation*, 469 S.W.3d 69, 76 (Tex. 2015)).

Even liberally construed, the specific allegations against Cooke fail to raise a claim that she voted to repeal the LOHE or failed to reinstate it.  *See Hall*, 508 S.W.3d at 240.  There is no claim that she acted outside the scope of powers and duties of a superintendent.  Thus, Axberg has failed to plead and support an ultra vires claim against Cooke.  Axberg's allegations against Cooke cannot be remedied by amending the petition, because, however pled, Cooke's alleged actions were within her authority, even if it is determined that KISD acted improperly.  *See* TEX. EDUC. CODE ANN. §§ 11.051(a)(2), 11.201(d)(5), (7).  Therefore, we reverse the trial court's order as to Cooke and render a judgment of dismissal as to claims against her.

We now address the Trustees and find that the pleadings fail to raise ultra vires claims against the individual Trustees.  This is so because one of the core responsibilities of a member of the Board of Trustees is to vote on propositions that come before the Board; the vote or nonvote of an individual Trustee, by definition, cannot be an ultra vires act.[8]

To maintain an ultra vires action against each of the named Trustees, Axberg must plead and ultimately prove that *each* of those seven people acted without legal authority or failed to

---

[8]Axberg argues that, even if the repeal did not amount to an ultra vires act on June 29, 2015, the repeal retroactively became an ultra vires act after the effective date of SB1.  Axberg fails to cite any authority that a valid, intra vires act, can be retroactively rendered ultra vires, and we are aware of none.

11

perform a ministerial act. *Heinrich*, 284 S.W.3d at 372. Under Section 11.51 of the Texas

Education Code:

> (a)      An independent school district is governed by a board of trustees who, as a body corporate, shall:
>
> > (1)      oversee the management of the district; and
> >
> > (2)      ensure that the superintendent implements and monitors plans, procedures, programs, and systems to achieve appropriate, clearly defined, and desired results in the major areas of district operations.
>
> (a-1)   Unless authorized by the board, a member of the board may not, individually, act on behalf of the board. The board of trustees may act only by majority vote of the members present at a meeting held in compliance with Chapter 551, Government Code, at which a quorum of the board is present and voting.

TEX. EDUC. CODE ANN. §11.051(a), (a-1) (West 2012).

Without the authorization of the Board, a single Trustee lacks the authority to repeal or

reinstate the LOHE, and such an action could give rise to an ultra vires claim. *See id.* However,

here, as shown in the pleadings[9] and clarified during oral argument, Axberg does not allege

individual action by any of the Trustees—that one or more of the Trustees independently attempted

to repeal the LOHE and subsequently failed to reinstate it—rather, Axberg alleges that the Trustees

performed an ultra vires act, *as a collective body*, by voting to repeal the LOHE[10] and, *as a*

*collective body*, failing to vote to reinstate the LOHE after SB1's effective date, which allowed the

continuing assessment and collection of taxes in the absence of the LOHE. The actions of the

---

[9]Axberg's pleadings consistently refer to the Trustees only as a collective group and their actions only as collective actions.

[10]The petition alleges that all seven of the named Trustees voted to repeal the LOHE, but the Appellants contend that Trustees Riley and Henson voted against the repeal.

Trustees as a collective body are actions of KISD's Board of Trustees rather than the independent acts of each of the seven individuals.[11] *See* TEX. EDUC. CODE ANN. § 11.051(a-1) ("the board of trustees may act only by majority vote"), § 11.051(a) ("the trustees . . . constitute a body corporate and in the name of the district may . . . sue and be sued"); *Buchele v. Woods*, 528 S.W.2d 95, 98 (Tex. Civ. App.—Tyler 1975, no writ) (sole relief sought by taxpayers was to void school district's tax roll and substitute new tax plan, the board in representative capacity was sole defendant in interest). The act of voting, or refraining from voting, by the Trustees as a collective body, was not outside the Trustee's authority in this case. *See generally* TEX. EDUC. CODE ANN. § 11.051(a-1) ("the board of trustees may act only by majority vote"). Therefore, Axberg has failed to allege that any of the Trustees acted outside their authority or failed to perform a ministerial act. *Hall*, 508 S.W.3d at 240 (ultra vires claims must be confined to that defendant's conduct). Axberg's claims against the individual Trustees cannot be remedied by amendment because, under the circumstances of this case, the complained-of acts are not ultra vires actions. Accordingly, we reverse the trial court's order as to the Trustees and render a judgment of dismissal as to the Trustees.[12]

*(2)     KISD Is Not Immune to Axberg's Claims*

KISD contends that it is immune from suit and liability under the doctrine of governmental or sovereign immunity. We disagree.

---

[11]The Board of Trustees was not named as a defendant.

[12]Points of error regarding educator immunity, official immunity, and redundancy of claims are not addressed because they have been rendered moot by our holding that ultra vires claims do not survive against Cooke or the Trustees.

Sovereign immunity implicates a trial court's jurisdiction, and, when it applies, precludes suit against a governmental entity. *Miranda*, 133 S.W.3d at 224; *Tex. Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 853 (Tex. 2002). This immunity requires the consent of the state or state entity before it can be sued. *Miranda*, 133 S.W.3d at 224. It developed as a common-law doctrine in recognition of the courts' limited authority over the sovereign creating them. *Brown & Gay Eng'g, Inc. v. Olivares*, 461 S.W.3d 117, 121 (Tex. 2015). Its justification continues today as a means to protect the public treasury. *Id*. Consequently, the doctrine operates to "shield the public from the costs and consequences of improvident actions of their governments." *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006).

Sovereign immunity does not apply when a suit challenges the constitutionality or validity of a statute or other government enactment and seeks only equitable and/or injunctive relief. *See Heinrich*, 284 S.W.3d at 370–72; *City of Elsa v. M.A.L.*, 226 S.W.3d 390, 392 (Tex. 2007) ("appeals court did not err by refusing to dismiss the plaintiffs' claims [against city] for injunctive relief on alleged constitutional violations"); *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995) (plaintiff whose constitutional rights have been violated may sue State for equitable relief). In such a case, "the Declaratory Judgment Act requires that the relevant governmental entities be made parties, and thereby waives immunity." *Heinrich*, 284 S.W.3d at 373 n.6 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(b) (West 2015)).[13]

---

[13]Section 37.006(b) of the Texas Civil Practice and Remedies Code states,

> In any proceeding that involves the validity of a municipal ordinance or franchise, the municipality must be made a party and is entitled to be heard, and if the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state must also be served with a copy of the proceeding and is entitled to be heard.

Axberg's petition seeks, in part, a declaratory judgment that KISD's repeal of its LOHE is void because it violated Section 11.13(n-1) and the Texas Constitution as amended by SJR1. KISD contends that sovereign immunity bars Axberg's claims against KISD because the petition seeks money damages.[14] In support of the argument, Axberg relies on *City of El Paso v. Heinrich*, 284 S.W.3d 366, 370–72 (Tex. 2009), and *City of Houston v. Williams*, 216 S.W.3d 827, 829 (Tex. 2007).

In *Heinrich*, the plaintiff sued several defendants, including the board of trustees of a city pension fund, arguing that her monthly pension payments had been illegally reduced, but the Texas Supreme Court held that she could not receive monetary damages and her only available remedy was prospective injunctive relief. *Heinrich*, 284 S.W.3d at 370–72. Similarly, in *Williams*, a group of retired firefighters filed a declaratory judgment action against the City of Houston to recover amounts deducted from payments they received on termination of employment, but the Texas Supreme Court held that the city was immune from suit because the firefighters' declaratory judgment action sought the payment of money damages. *Williams*, 216 S.W.3d at 828.

"[A] party cannot circumvent governmental immunity by characterizing a suit for money damages as a claim for declaratory judgment." *City of Dallas v. Alberg*, 354 S.W.3d 368, 378 (Tex. 2011). Sovereign or governmental immunity, however, will not "defeat a claim for declaratory or injunctive relief seeking the refund of illegally collected taxes or fees if the plaintiff

---

[14]Under the Texas Tort Claims Act, a school district's waiver of sovereign immunity encompasses only tort claims involving the use or operation of motor vehicles. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 101.051 (West 2011)). KISD argues that it has immunity because this case is a suit for damages that does not involve motor vehicles. Because this is not a suit for damages, the argument is inapplicable.

15

alleges that the payments were made as a result of . . . duress." *See Brennan v. City of Willow Park*, 376 S.W.3d 910, 922 (Tex. App.—Fort Worth, 2012, pet. denied). "[C]laims for a refund are different than claims for money damages." *Kubosh v. Harris Cty.*, 416 S.W.3d 483, 487 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) ("[A] party who pays an illegal or invalid fee to a governmental unit under duress may seek a refund regardless of whether immunity has been waived.").

Here, the petition seeks a refund of the taxes collected that were subject to the LOHE by way of "monetary relief in the amount of $100,000 or less." Though the petition, standing alone, could be construed to request money damages, Axberg's subsequent pleadings and arguments have clarified that request to be limited to a return of taxes. In Axberg's response to the plea to the jurisdiction, it is made clear that the only money demanded is "a refund of illegally collected taxes paid under duress." During the hearing on the plea to the jurisdiction, Axberg again denied seeking money damages, saying,

> We are . . . not seeking damages against the district, against the individual defendants, against any of the defendants in this case. We are seeking money in the form of a tax refund, but that is not an action for damages that implicates any of the immunity doctrines that [the Appellants are] asserting . . . . The money that we're seeking is a restitution remedy, a disgorgement remedy, a refund of illegally-collected taxes. That is an equitable remedy.

The facts of this case are distinguishable from those of *Heinrich* and *Williams*, because the only money Axberg seeks is the repayment of taxes allegedly paid under duress; under *Brennan*, such relief is equitable and not barred by immunity. Accordingly, we overrule this point of error.

16

*(3)     Axberg Was Not Required to Exhaust Administrative Remedies*

KISD, Cooke, and the Trustees argue that the trial court should have granted their plea to the jurisdiction because Axberg failed to exhaust all required administrative remedies under the Texas Tax Code. *See* TEX. TAX CODE ANN. §§ 41.41, 41.411, 41.44 (West 2015), § 41.45 (West Supp. 2016); *ABT Galveston Ltd. P'ship v. Galveston Cent. Appraisal Dist.*, 137 S.W.3d 146 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

The statutory administrative review requirements of the tax code are mandatory and jurisdictional. *See, e.g.*, *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006); *Matagorda Cty. Appraisal Dist. v. Coastal Liquids Partners, L.P.*, 165 S.W.3d 329, 331 (Tex. 2005). The policy behind the exhaustion-of-administrative-remedies doctrine is to allow the agency involved to resolve disputed issues of fact and policy and to assure that the appropriate body adjudicates the dispute. *Essenburg v. Dallas Cty.*, 988 S.W.2d 188, 189 (Tex. 1998). Similarly, the policy seeks to encourage parties to resolve disputes without resorting to litigation when an administrative procedure is provided for that purpose. *See Strayhorn v. Lexington Ins. Co.*, 128 S.W.3d 772, 780 (Tex. App.—Austin 2004), *aff'd*, 209 S.W.3d 83 (Tex. 2006); *Vela v. Waco Indep. Sch. Dist.*, 69 S.W.3d 695, 702 (Tex. App.—Waco 2002, pet. withdrawn). But there are exceptions to the exhaustion-of-administrative-remedies doctrine: (1) when an injunction is sought and irreparable harm would result; (2) when the administrative agency cannot grant the requested relief; (3) when the issue presented is purely a question of law; (4) when certain constitutional issues are involved; and (5) when an administrative agency purports to act outside its statutory powers. *Strayhorn*, 128 S.W.3d at 780.

17

Here, because the facts are undisputed, the claims against both KISD and the individually named defendants are purely questions of law. Therefore, this case falls squarely within an exception to the requirement that administrative remedies must be exhausted before petitioning the court. *See Brennan*, 376 S.W.3d at 922 (where government entity defendants allegedly acting outside statutory authority, homeowners not required to pursue administrative remedies before suing for tax refund). We overrule this point of error.

*(4)     The Election of Remedies Does Not Bar Axberg's Claims Against KISD*

KISD contends that the trial court should have dismissed KISD from this case because the claims against it are barred by the doctrine of election of remedies. "The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(b) (West 2011).

KISD contends that, by filing suit against Cooke, a KISD employee, in her official capacity, Axberg is forever barred from suit or recovery against KISD regarding the same subject matter. In support of this argument, KISD points out that subsections (a), (c), (e), and (f) of Section 101.106 of the Texas Civil Practice and Remedies Code all refer to a claim "filed under this chapter," whereas subsection (b) does not limit its applicability to tort claims filed under Chapter 101. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a)–(c), (e), (f) (West 2011). KISD argues that a strict application of subsection (b) would bar Axberg's claims against KISD. The Appellants cite to *Franka v. Valasquez*, 332 S.W.3d 367 (Tex. 2011), and *Mission*

18

*Consolidated Independent School District v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008), where the Texas Supreme Court held that, "[b]ecause subsection (b) does not contain the 'under this chapter' limitation, any suit against a government employee bars suit 'against the governmental unit regarding the same subject matter unless the governmental unit consents.'"

We conclude, however, that the election of remedies doctrine under Section 101.106(b) is inapplicable here. Axberg brings declaratory judgment claims against KISD and ultra vires claims against Cooke. The respective claims against the district and the superintendent are distinguishable. Under the ruling of *Heinrich*, ultra vires claims may be brought only against Cooke, in her official capacity, and KISD is the proper defendant in Axberg's challenge to the repeal's validity. *See Heinrich*, 284 S.W.3d at 373; *see also* TEX. CIV. PRAC. & REM. CODE § 37.006(b) (Declaratory Judgment Act requires relevant governmental entities be made party in claim challenging validity of ordinance or statute); *Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994). The Appellants' reliance on *Franka* and *Garcia* is misplaced because, unlike the issue in the present case, the issues in *Franka* and *Mission* were whether the provisions of Section 101.106 applied to all common law tort claims or only those tort claims for which the Tort Claims Act waived immunity, and moreover, neither of the cases applied the election of remedies to claims made under the declaratory judgment act. *See Franka*, 253 S.W.3d at 369; *Mission*, 253 S.W.3d at 659 (citing *Newman v. Obersteller*, 960 S.W.2d 621, 622 (Tex. 1997)). Therefore, we overrule this point of error.

For the foregoing reasons, we reverse the trial court's order in part, to the extent that it refused to dismiss the ultra vires claims, and render judgment dismissing those claims; but we

19

otherwise affirm the trial court's actions and remand the remainder of this lawsuit for further proceedings consistent with this opinion.


Josh R. Morriss, III
Chief Justice

Date Submitted:     September 13, 2017
Date Decided:      October 12, 2017