ACCEPTED
06-18-00016-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
6/4/2018 12:00 AM
DEBBIE AUTREY
CLERK

**06-18-00016-CV**

**IN THE COURT OF APPEALS**
**FOR THE SIXTH DISTRICT OF TEXAS**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
6/4/2018 9:54:00 AM
DEBBIE AUTREY
Clerk

**KILGORE INDEPENDENT SCHOOL DISTRICT; REGGIE HENSON, TREY HATTAWAY, SCOTT MONTGOMERY, KARL RILEY, JOHN SLAGLE, DERECK BORDERS, AND JIMMY KINSEY, in their official capacities as members of the Board of Trustees of Kilgore Independent School District; AND CARA COOKE, in her Official Capacity as Superintendent of Kilgore Independent School District;**

*Appellants and Cross-Appellees,*

**V.**

**DARLENE AXBERG, JOHN CLAUDE AXBERG AND SHEILA ANDERSON,**

*Appellees and Cross-Appellants.*

**BRIEF OF CROSS-APPELLEES**

Dennis J. Eichelbaum
Texas Bar No. 06491700
dje@edlaw.com
*Lead Counsel*
Andrea L. Mooney
Scott W. Thomas
Eichelbaum Wardell
Hansen Powell & Mehl, P.C.
5801 Tennyson Parkway, Suite 360
Plano, Texas 75024
(972) 377-7900
(972) 377-7277 (facsimile)

**ORAL ARGUMENT REQUESTED**

**IN THE COURT OF APPEALS
FOR THE SIXTH DISTRICT OF TEXAS**

**KILGORE INDEPENDENT SCHOOL DISTRICT; REGGIE HENSON, TREY HATTAWAY, SCOTT MONTGOMERY, KARL RILEY, JOHN SLAGLE, DERECK BORDERS, AND JIMMY KINSEY, in their official capacities as members of the Board of Trustees of Kilgore Independent School District; AND CARA COOKE, in her Official Capacity as Superintendent of Kilgore Independent School District;**

*Appellants and Cross Appellees,*

**V.**

**DARLENE AXBERG, JOHN CLAUDE AXBERG AND SHEILA ANDERSON,**

*Cross Appellants and Appellees.*

**IDENTITIES OF PARTIES AND COUNSEL**

| PARTIES | COUNSEL |
|---|---|
| *Cross-Appellees:* | Dennis J. Eichelbaum |
| Reggie Henson | Texas Bar No. 06491700 |
| Trey Hattaway | dje@edlaw.com |
| Scott Montgomery | Andrea L. Mooney |
| Karl Riley | Texas Bar No. 24065449 |
| John Slagle | alm@edlaw.com |
| Dereck Borders | Scott W. Thomas |
| Jimmy Kinsey | Texas Bar No. 24075624 |
| *In their Official Capacities as members* | swt@edlaw.com |
| *of the Board of Trustees of Kilgore* | Eichelbaum Wardell |
| *Independent School District*, and | Hansen Powell & Mehl, P.C. |
| Cara Cooke, *in her Official Capacity* | 5801 Tennyson Parkway, Suite 360 |
| *as Superintendent of Kilgore* | Plano, Texas 75024 |

| | |
|---|---|
| *Independent School District* | (972) 377-7900 |
| | (972) 377-7277 (facsimile) |

| | |
|---|---|
| *Cross-Appellants[1]:* | **Counsel** |
| Darlene Axberg, John Claude Axberg, | John B. Scott |
| and Sheila Anderson | Texas Bar No. 17901500 |
| | Timothy M. Hoch |
| | Texas Bar No. 09744950 |
| | Daniel R. Smith |
| | Texas Bar No. 24013525 |
| | Jonathan Mitchell |
| | Texas Bar No. 24075463 |
| | Forrest Smith |
| | Texas Bar No. 18705000 |

---

[1] The Intervenor State of Texas did not file a cross appeal.

# TABLE OF CONTENTS

Page

IDENTITIES OF PARTIES AND COUNSEL ........................................................................i

INDEX OF AUTHORITIES ...........................................................................................iv

STATEMENT OF THE CASE ..........................................................................................v

REQUEST FOR ORAL ARGUMENT ................................................................................v

STATEMENT REGARDING ORAL ARGUMENT ...............................................................vi

ISSUE PRESENTED ...................................................................................................vi

STATEMENT OF FACTS ...............................................................................................1

SUMMARY OF THE ARGUMENT ...................................................................................3

ARGUMENT ..............................................................................................................4

PRAYER FOR RELIEF .................................................................................................6

CERTIFICATE OF SERVICE ..........................................................................................7

CERTIFICATE OF COMPLIANCE ...................................................................................8

## TABLE OF AUTHORITIES

*A.C. Collins Ford, Inc. v. Ford Motor Co.*,
    807 S.W.2d 755 (Tex. App.—El Paso 1990, writ denied) ………………… 5

*Elder v. Bro*, 809 S.W.2d 799,
    (Tex. App.—Houston [14th Dist.] 1991, writ denied) …………………… 5

*Fed. Deposit Ins. Corp. v. Lenk*, 361 S.W.3d 602 (Tex. 2012) ………............ 4

*Fredonia State Bank v. Gen. Am. Life Ins. Co.*,
881 S.W.2d 279 (Tex. 1994) …………………………………………………. 5

*Henry S. Miller Mgt. Corp. v. Houston State Assoc.*,
792 S.W.2d 128 (Tex. App.—Houston [1st Dist.] 1990, writ denied) ……… 5

*Kilgore Indep. Sch. Dist. v. Axberg*,
535 S.W.3d 21 (Tex. App.—Texarkana 2017, no pet.) ……………….. 1, 2, 4

*King v. Graham Holding Co.*, 762 S.W.2d 296 (Tex. App. 1988)…………… 5


Texas Rule of Appellate Procedure 39 …………………………………… v

## STATEMENT OF THE CASE

| | |
|---|---|
| Nature of the case: | Darlene Axberg, John Claude Axberg, and Sheila Anderson ("Cross-Appellants") sued Appellants Kilgore Independent School District ("KISD"), Reggie Henson, Trey Hattaway, Scott Montgomery, Karl Riley, John Slagle, Dereck Borders, Jimmy Kinsey, and Cara Cooke over a Local Option Homestead Exemption ("LOHE" or "OHE"). |
| Course of proceedings: | Appellants KISD, Reggie Henson, Trey Hattaway, Scott Montgomery, Karl Riley, John Slagle, Dereck Borders, Jimmy Kinsey, and Cara Cooke filed a motion to dismiss and plea to the jurisdiction based upon statutory, official, and governmental immunity. The trial court denied the motion and plea, and on interlocutory appeal this Court dismissed all but KISD and remanded the case. |
| Trial court disposition: | The trial court thereafter dismissed the individual KISD Defendants, then separately granted summary judgment in favor of Cross-Appellants, finding the statute retroactive, and granting relief against *all* Appellants. |

## REQUEST FOR ORAL ARGUMENT

It is unclear why Appellants have requested oral argument when they claim to only seek to preserve error. Nonetheless, should Appellants be granted oral argument, only then do Cross-Appellees Reggie Henson, Trey Hattaway, Scott Montgomery, Karl Riley, John Slagle, Dereck Borders, Jimmy Kinsey, and Cara Cooke, pursuant to Texas Rule of Appellate Procedure 39, request oral argument in this appeal.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument with respect to Cross-Appellants' interest in preserving error should be unnecessary. Cross-Appellants have the right to preserve error, and have properly and professionally not asked this Court to review its own previous judgment. Oral argument is not necessary, but Cross-Appellees wish to participate if the Court grants oral argument on the Cross-Appellants' petition.

## ISSUE PRESENTED FOR REVIEW

Cross-Appellants' Issue: Are the individual defendants acting ultra vires by collecting property taxes in violation of state law?

# STATEMENT OF FACTS

1.     Cross-Appellees fully incorporate herein the statement of facts contained in Appellants' Brief filed with this Court on May 1, 2018.

2.     On April 28, 2017, the trial court issued its Order Denying KISD Defendants' Motion to Dismiss and Plea to the Jurisdiction. Before the trial court ruled on Appellees' motion for summary judgment, Appellants filed an interlocutory appeal, staying the case. C.R. at 1106.

3.     On October 12, 2017, this Court issued an interlocutory opinion on Defendants' plea to the jurisdiction, rendering a judgment of dismissal as to the ultra vires claims against each of the individual KISD Trustees and Cara Cooke (the only claim against the individual KISD Defendants), leaving only Appellant KISD as a Defendant on remand. C.R. at 1117; *Kilgore Indep. Sch. Dist. v. Axberg*, 535 S.W.3d 21, 35 (Tex. App.—Texarkana 2017, no pet.).

4.     On January 30, 2018, per this Court's opinion, the trial court signed an Order Dismissing Defendants Reggie Hensen, Trey Hattaway, Scott Montgomery, Karl Riley, John Slagle, Dereck Borders, and Jimmy Kinsey, in their official capacities as Members of the Board of Trustees of Kilgore Independent School District, and Cara Cooke, in her official capacity as Superintendent of the Kilgore Independent School District. C.R. at 1223.

5.     The trial court also signed a final judgment on January 30, 2018, granting

Plaintiffs and Intervenor's Joint Motion for Summary Judgment and Final Judgment. C.R. at 1221.

6.      On February 14, 2018, Appellees moved to modify the trial court's final judgment. C.R. at 1274. Appellant KISD filed KISD's Response and Opposition to Plaintiffs and Intervenor's Joint Motion to Modify Judgment, pointing out that Appellee Plaintiffs and Intervenor's "proposed order included language for Defendants, even though the Court of Appeals has dismissed everyone but KISD from every aspect of this case." C.R. at 1281, 1283; *Axberg*, 535 S.W.3d at 35.

7.      The trial court signed an Amended Final Judgment on February 21, 2018. This Judgment included a finding that all Appellant Defendants violated the law, even though the trial court and this Court had already dismissed *all* Appellant Defendants except Appellant Kilgore Independent School District. C.R. at 1293.

8.      Appellants filed their notice of appeal on March 19, 2018. C.R. 1334.

9.      On May 21, 2018, Cross-Appellants John Axberg, Darlene Axberg, and Sheila Anderson filed Cross-Appellants' Brief, presenting only one issue for appeal: "Are the individual defendants acting *ultra vires* by collecting property taxes in violation of state laws?" Cross-Appellants' Br. at vii.

## SUMMARY OF THE ARGUMENT

Cross-Appellants' Brief claims they filed a "cross-appeal solely to preserve the plaintiffs' ability to litigate the *ultra vires* issue in the event this case proceeds to the Supreme Court." Cross-Appellants' Br. at 1. Cross-Appellants ask this Court to "adhere to *stare decisis* and affirm the trial court's judgment against [Cross-Appellants] on the claims brought against the individual defendants." *Id.*

## ARGUMENT

**Cross-Appellants' Restatement of Argument**

Cross-Appellants' entire argument reads as follows:

> The Court has already ruled against us on the *ultra vires* claims brought against the individual defendants. *See Kilgore Indep. Sch. Dist. v. Axberg*, 535 S.W.3d 21, 29–32 (Tex. App.—Texarkana 2017, no pet.). We respect the Court's decision and are not seeking to re-litigate the matter in this Court. We have taken a cross-appeal solely to preserve the plaintiffs' ability to litigate the *ultra vires* issue in the event this case proceeds to the Supreme Court of Texas. This Court, however, should adhere to *stare decisis* and affirm the trial court's judgment against us on the claims brought against the individual defendants.
>
> By acknowledging the force of *stare decisis*, we are not conceding the correctness of this Court's previous ruling on the *ultra vires* issue, nor are we forfeiting or foreclosing our ability to litigate this issue in the state supreme court.

Cross-Appellants' Br. at 1.

**Cross-Appellants' Issue**:  **Are the individual defendants acting ultra vires by collecting property taxes in violation of state law?**

"When a party fails to preserve error in the trial court *or waives an argument on appeal*, an appellate court may not consider the unpreserved or waived issue." *Fed. Deposit Ins. Corp. v. Lenk*, 361 S.W.3d 602, 604 (Tex. 2012) (emphasis added). By appealing and asking the Court to follow *stare decisis*, and making no argument before this Court, Cross-Appellants have now failed to preserve error before this or any other Court.

This Court has the option of dismissing the appeal for failure to raise any issues or permitting Cross-Appellants the right to re-brief:

> Allowing our intermediate courts some discretion in ordering rebriefing is necessary to balance the twin objectives of a liberal and just construction of procedural rules and the prompt and efficient resolution of appeals. *See A.C. Collins Ford, Inc. v. Ford Motor Co.*, 807 S.W.2d 755, 760 (Tex. App.—El Paso 1990, writ denied) (on motion for rehearing) (complaining that *Inpetco* does not help a busy court in the disposition of its case load); *King*, 762 S.W.2d at 299 (construing *Davis* as holding that courts must have some discretion in this area, and characterizing as "intolerable" a situation where an appellate court is forced to send back deficient briefs for rebriefing, even after argument); *see also Elder v. Bro,* 809 S.W.2d 799, 802 (Tex. App.—Houston [14th Dist.] 1991, writ denied) (quoting *King*); *Henry S. Miller Management Corp. v. Houston State Assoc.*, 792 S.W.2d 128, 135 (Tex. App.—Houston [1st Dist.] 1990, writ denied) (same).

*Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 285 (Tex. 1994). Permitting Cross-Appellants to re-brief what is essentially a redundant issue on appeal (seeking to find both the district and the trustees wrong for having, in their opinion not followed the law), as Cross-Appellants can only recover once, seems petty and inefficient, but so does the fact that they have chosen to appeal.

Cross-Appellees agree wholeheartedly with Cross-Appellants that this Court should not reconsider or reverse itself. This Court's previous decision is the law of the case and there have been no grounds to reverse the trial court's decision, nor was a motion for new trial or rehearing filed by the Cross-Appellants. Cross-

Appellants also elected not to appeal this Court's previous interlocutory ruling to the Texas Supreme Court in a timely manner.

Cross-Appellants provided no substantive argument to support their one and only appealed issue herein. For the reasons set forth above, Cross-Appellants appeal should be denied and dismissed, and the trial court's judgment should be affirmed per curiam.

## PRAYER

As our opposing counsel worded it, "The judgment of the trial court should be affirmed." We respectfully concur.

Respectfully submitted,

**EICHELBAUM WARDELL**
HANSEN POWELL & MEHL, P.C.

By: /s/ Dennis J. Eichelbaum
Dennis J. Eichelbaum
Texas Bar No. 06491700
dje@edlaw.com

Andrea L. Mooney
Texas Bar No. 24065449
alm@edlaw.com

Scott W. Thomas
Texas Bar No. 24075624
swt@edlaw.com

Eichelbaum Wardell
Hansen Powell & Mehl, P.C.
5801 Tennyson Parkway, Suite 360
Plano, Texas 75024
(972) 377-7900
(972) 377-7277 (facsimile)
Attorneys for Cross-Appellees

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document have been served by court-generated electronic mail and/or facsimile and/or certified mail on June 2, 2018, to the following:

John B. Scott
SCOTT PLLC
508 West 14th Street
Austin, Texas 78701
(512) 690-6976 – Telephone
john.scott@scottpllc.net

Daniel R. Smith
POPP HUTCHESON PLLC
1301 S. Mopac, Suite 430
Austin, Texas 78746
(512) 473-2661 – Telephone
(512) 479-8013 - Facsimile
daniel.smith@property-tax.com

Jonathan Mitchell
Scott PLLC
508 West 14th Street
Austin, Texas 78701
(512) 690-6976 (phone)
jfmitche@stanford.edu

Timothy M. Hoch
HOCH LAW FIRM
5616 Malvey Ave.
Fort Worth, Texas 76107-5121
(800) 828-5160 - Telephone
tim@hochlawfirm.com

Forrest Smith
FRIEDMAN & FIEGER, LLP
5301 Spring Valley Rd., Suite 200
Dallas, Texas 75254
(972) 788-1400 - Telephone
fsmith@fflawoffice.com

/s/ Dennis Eichelbaum
Dennis J. Eichelbaum

**CERTIFICATE OF COMPLIANCE**

1.     This brief complies with the type-volume limitation of TRCP 9.4(i)(2)(B) because this brief contains 2,164 words, including the parts of the brief exempted by TRAP 9.4(i)(1).

2.     This brief complies with the typeface requirements of TRAP 9.4(e) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Times Roman font.

/s/ Dennis Eichelbaum
Dennis J. Eichelbaum