# NO. 12-20-00133-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KILGORE ISD,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 2* |
| *SHEILA ANDERSON, ET AL,*<br>*APPELLEES* | § | *GREGG COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Kilgore Independent School District (KISD) appeals the trial court's order denying its plea to the jurisdiction in a lawsuit filed by Sheila Anderson, John Mills, Philip Eugene Patterson, Dale Hedrick, Laura Hedrick, Karen Wilson, and Patrick R. Gatons, on behalf of themselves and others similarly situated, (the taxpayers) in which they sought a refund of illegally collected taxes. KISD raises three issues for our consideration. We affirm.

### BACKGROUND

On June 15, 2015, Governor Greg Abbott signed Senate Bill No. 1 (SB-1), a bill to provide property tax relief and comprehensive school funding, which (1) was to become effective on the later passage of an enabling constitutional amendment by the voters, (2) increased a statewide homestead exemption, and (3) forbade any local taxing authority with a local option homestead exemption (LOHE) in place in 2014 from repealing that LOHE before the end of calendar year 2019. The Legislature also passed a joint resolution, SJR-1, proposing an amendment to the Texas Constitution and granting it authority to prohibit the governing body of a political subdivision that adopts a LOHE from reducing the amount of or repealing the

exemption.[1] The Legislature passed both SB-1 and SJR-1 on the same day. The Legislature conditioned SB-1's effectiveness on the voter's approval of SJR-1, but it also stated that, in the event SJR-1 was approved, SB-1 would become effective on the date that SJR-1's proposed constitutional amendments took effect. SJR-1 stated that the proposed amendments "take effect for the tax year beginning January 1, 2015."[2]

On June 29, fourteen days after Governor Abbott signed SB1, the Board of Trustees of KISD voted to repeal KISD's LOHE. After SJR-1 was approved, the Texas Attorney General and the Texas Education Commissioner made written demand on the District to restore the LOHE. The District refused.

Individual taxpayers Darlene Axberg, John Claude Axberg, and Sheila Anderson (the original plaintiffs) sued KISD, seven individual members of KISD's Board of Trustees in their official capacities, and the school superintendent, Cara Cooke, in her official capacity, alleging that KISD's repeal of the LOHE was invalid because it violated state law, that taxes subject to the LOHE had been illegally collected, and that Cooke and each of the Trustees committed various ultra vires actions. Their petition sought a declaratory judgment, a permanent injunction, a tax refund, attorney's fees, and costs. The Texas Attorney General filed a petition in intervention requesting similar declaratory relief and requesting the trial court issue a writ of mandamus directing KISD to comply with SB-1 and SJR-1. KISD, Cooke, and the Trustees filed a plea to the jurisdiction and motion to dismiss, both of which the trial court denied.

KISD, Cooke, and the Trustees appealed the trial court's order. The Texarkana Court of Appeals reversed the trial court's order in part, to the extent it refused to dismiss the ultra vires claims, and rendered judgment dismissing those claims; but otherwise affirmed the trial court's actions and remanded the remaining claims to the trial court.[3] Thereafter, the taxpayers and the State moved for summary judgment and KISD filed an opposing motion for summary judgment. The trial court granted the taxpayers' motion and the State's motion and denied KISD's motion. The trial court granted declaratory relief, injunctive relief, mandamus relief, and restitution of the

---

[1] Tex. S.J. Res. 3, 84th Leg., R.S., § 1, sec. 1-b(e), 2015 Tex. Gen. Laws 5412, 5413–14; *see* TEX. CONST. art. VIII, § 1-b(c), (e).

[2] Tex. S.J. Res. 3, 84th Leg., R.S., § 3(b), 2015 Tex. Gen. Laws 5412, 5414. The Texas voters approved SJR-1 in the November 2015 election.

[3] *Kilgore Indep. Sch. Dist. v. Axberg*, 535 S.W.3d 21, 35 (Tex. App.—Texarkana 2017, no pet.).

additional taxes paid by the individual plaintiffs. KISD again appealed, and the Texarkana Court of Appeals reversed the trial court's order granting summary judgment to the taxpayers but affirmed the trial court's order granting summary judgment to the State. The Texarkana Court reasoned that summary judgment was improper for the taxpayers because they failed to present competent summary judgment evidence establishing that they lived in the school district, paid taxes, and were assessed and paid taxes that did not include the LOHE.[4] The Texarkana Court held that the trial court correctly granted summary judgment in favor of the State because SB-1 and SJR-1 were intended to prohibit KISD's repeal of its LOHE and rendered KISD's repeal of no effect.[5]

Thereafter, the taxpayers amended their petition to list new plaintiffs and seek class certification. They included KISD board members as defendants. KISD filed a plea to the jurisdiction. The trial court granted KISD's plea to the jurisdiction with respect to the claims against the individual board members but denied the plea to the jurisdiction with respect to the taxpayers' claims against KISD. This appeal followed.

## PLEA TO THE JURISDICTION

For three reasons, KISD argues that the trial court lacks subject matter jurisdiction in this case because (1) KISD "definitely did not adopt an LOHE for the 2014 tax year" and the plain language of SB-1 does not apply to prohibit KISD from repealing its LOHE; (2) the taxpayers failed to exhaust their administrative remedies; and (3) the taxpayers' claims for injunctive relief are moot.

**Standard of Review**

A plea to the jurisdiction is a dilatory plea that seeks the dismissal of a case for lack of subject-matter jurisdiction; its purpose is to defeat a cause of action without regard to whether the claims asserted have merit. *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether a trial court has subject-matter jurisdiction is a question of law we review de novo. *Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007). In making that determination, we examine de novo whether the facts alleged in a pleading, and, if applicable, the evidence, affirmatively demonstrate a trial court's

---

[4] *Kilgore Indep. Sch. Dist. v. Axberg*, 572 S.W.3d 244, 254 (Tex. App.—Texarkana 2019, pet. denied).

[5] *Id.* at 263-64.

subject-matter jurisdiction. ***Tex. Dep't of Parks & Wildlife v. Miranda***, 133 S.W.3d 217, 226 (Tex. 2004). Generally, a plea to the jurisdiction "should be decided without delving into the merits of the case." ***Bland***, 34 S.W.3d at 554. When reviewing a plea to the jurisdiction in which the pleading requirement has been met and evidence has been submitted to support the plea that implicates the merits of the case, we take as true all evidence favorable to the nonmovant, as well as indulge every reasonable inference and resolve any doubts in the nonmovant's favor. ***Miranda***, 133 S.W.3d at 228.

If a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. ***Tex. Ass'n of Bus. v. Tex. Air Control Bd.***, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent. ***Id.*** If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction, but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend. ***Cty. of Cameron v. Brown***, 80 S.W.3d 549, 555 (Tex. 2002). If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend. ***Id.***

However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *See **Bland***, 34 S.W.3d at 555. When the consideration of a trial court's subject-matter jurisdiction requires the examination of evidence, the trial court exercises its discretion in deciding whether the jurisdictional determination should be made at a preliminary hearing or await a fuller development of the case, mindful that this determination must be made as soon as practicable. ***Id.*** at 554. If the challenge implicates the merits of the plaintiffs' cause of action and the relevant evidence is undisputed or fails to raise a fact question regarding subject-matter jurisdiction, the trial court rules on the plea to the jurisdiction as a matter of law, but if evidence creates a fact question regarding jurisdiction, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the finder of fact. ***Miranda***, 133 S.W.3d at 227-28.

**Statutory Construction**

Statutory construction is a question of law that we review de novo. *MCI Sales & Serv., Inc. v. Hinton*, 329 S.W.3d 475, 500 (Tex. 2010); *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). Our primary goal in construing a statute is to ascertain and give effect to the legislature's intent. *Hinton*, 329 S.W.3d at 500; *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999); *Pilgrim's Pride Corp. v. Cernat*, 205 S.W.3d 110, 117 (Tex. App.—Texarkana 2006, pet. denied). "Where the text is clear, text is determinative of that intent." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009) (citing *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006)). This is because "the Legislature expresses its intent by the words it enacts and declares to be the law." *Bosque Disposal Sys., LLC v. Parker Cty. Appraisal Dist.*, 555 S.W.3d 92, 94 (Tex. 2018) (quoting *Molinet v. Kimbrell*, 356 S.W.3d 407, 414 (Tex. 2011)).

To ascertain that intent, we look first to the plain and common meaning of the statute's words. *McIntyre*, 109 S.W.3d at 745; *Fitzgerald*, 996 S.W.2d at 865; *see* TEX. GOV'T CODE ANN. § 311.011 (West 2013). We construe the statute according to its plain language if the language is unambiguous. *McIntyre*, 109 S.W.3d at 745; *Fitzgerald*, 996 S.W.2d at 865; *Cernat*, 205 S.W.3d at 117. "This general rule applies unless enforcing the plain language of the statute as written would produce absurd results." *Summers*, 282 S.W.3d at 437 (citing *Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999)).

Further, in determining legislative intent, we look to the statute as a whole and not isolated portions. *In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008). We presume that the Legislature had a purpose for words included in the statute and that it purposefully omitted words excluded from the statute. *Id.*; *Cernat*, 205 S.W.3d at 117. When a statutory term is undefined, we will not find "a meaning that is out of harmony or inconsistent with other provisions in the statute." *McIntyre*, 109 S.W.3d at 745. In other words, we look to the meaning of the words used, or of a particular clause, within the context of the statute, which "requires us to study the language of the specific provision at issue, within the context of the statute as a whole, endeavoring to give effect to every word, clause, and sentence." *Ritchie v. Rupe*, 443 S.W.3d 856, 867 (Tex. 2014) (citing *In re Office of Att'y Gen.*, 422 S.W.3d 623, 629 (Tex. 2013); *Fitzgerald*, 996 S.W.2d at 866). Generally, "the words [the Legislature] chooses should be the surest guide to legislative intent." *Summers*, 282 S.W.3d at 437 (quoting *Fitzgerald*, 996

S.W.2d at 866). "Only when those words are ambiguous do we 'resort to rules of construction or extrinsic aids.'" *Id.* (quoting *In re Estate of Nash*, 220 S.W.3d 914, 917 (Tex. 2007)).

In the present case, KISD does not dispute that it adopted an LOHE sometime in the 1980's and continued to offer the LOHE to taxpayers until it voted to repeal the LOHE in 2015. Thus, in 2014, the LOHE was offered to taxpayers for the 2014 tax year. For the first time in this litigation, KISD argues that the taxpayers did not plead sufficient facts to establish jurisdiction before the trial court because KISD "definitively did not adopt an LOHE for the 2014 tax year." KISD argues that, because KISD did not vote to accept the LOHE for the 2014 tax year, the prohibition against repealing or reducing its LOHE as set forth in SB-1 did not apply to KISD. The pertinent language of SB-1 is as follows:

> The governing body of a school district...that adopted an exemption under Subsection (n) for the 2014 tax year may not reduce the amount or repeal the exemption. This subsection expires December 31, 2019.

Act of May 29, 2015, 84th Leg., R.S., ch. 465, § 1, 2015 Tex. Gen. Laws 1779, 1779.

KISD acknowledges that "prior to SB-1 and SJR-1, Texas afforded a state homestead exemption of $15,000 for purposes of school district taxation...KISD...offered its taxpayers an additional LOHE, an exemption that had been in place since the 1980's." At oral argument, KISD's counsel acknowledged that KISD offered taxpayers the exemption in 2014. It is undisputed that KISD did not repeal the LOHE until June 29, 2015, when the Board of Trustees voted to repeal the LOHE. In sum, although KISD has offered an LOHE to taxpayers since the 1980's and continued to offer the LOHE through tax year 2014, KISD now argues that it did not adopt the LOHE for the 2014 tax year because the board of trustees "took no formal action and made no vote regarding an LOHE in 2014."

In support of this argument, KISD cites language from the Texarkana Court of Appeal's opinion, which affirmed the trial court's denial of KISD's first plea to the jurisdiction on different grounds, stating that "[t]he board of trustees may act only by majority vote of the members present at a meeting held in compliance with Chapter 551, Government Code, at which a quorum of the board is present and voting." *Kilgore Indep. Sch. Dist. v. Axberg*, 535 S.W.3d 21, 31 (Tex. App.—Texarkana 2017, no pet.) (citing TEX. EDUC. CODE ANN. § 11.051(a), (a-1) (West 2012)). KISD also cites https://www.dictionary.com/browse/adopt to support its argument

6

that SB-1 only applies to a school district that *voted* to adopt an LOHE for the 2014 year. According to its brief, the web dictionary defines adopt as "to vote to accept." *See* Dictionary.com, dictionary.com/browse/adopt (last visited 12/17/20). KISD omitted from its briefing that the website includes 6 other definitions for "adopt" and "to vote to accept" is the sixth definition on the list. *Id.* The hyperlink from KISD's brief reveals the following definitions of "adopt:"

1. to choose or take as one's own; make one's own by selection or assent: *to adopt a nickname.*

2. to take responsibility for raising (someone else's biological child) as one's own, specifically by a formal legal act: *After more than 300 days in foster care, the twins were adopted by a family that was able to keep the siblings together.*

3. to acquire (a pet, especially one from an animal rescue organization): *Local animal rescue groups use social media to persuade people to adopt dogs and cats from them instead of purchasing puppies and kittens from pet shops or breeders.*

4. to take or receive into any kind of new relationship: *to adopt a person as a protégé.*

5. to select as a basic or required textbook or series of textbooks in a course.

6. to vote to accept: *The House adopted the report.*

7. to accept or act in accordance with (a plan, principle, etc.).

*Id.* An examination of the taxpayers' First Amended Class Action Petition, the live pleading on file at the time the trial court denied KISD's plea to the jurisdiction, reveals that the taxpayers unequivocally pleaded that KISD adopted the LOHE for the 2014 tax year. The petition states that "[d]efendants in 2015 repealed the local option homestead exemption that they had adopted under Section 11.13(n) of the Texas Tax Code for the 2014 tax year."

The tax code does not provide a definition for "adopt." Undefined terms in a statute are typically given their ordinary meaning, but if a different or more precise meaning is apparent from the term's use in the context of the statue, we apply that meaning. *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). "Adopt" has multiple definitions as discussed above. If an undefined term has multiple common meanings, it is not necessarily ambiguous or vague; rather, courts apply the definition most consistent with the context of the statutory scheme. *See Thompson v. Texas Dep't of Licensing & Reg.*, 455 S.W.3d 569, 571 (Tex. 2014). Further, if an undefined word used in a statute has multiple and broad definitions, we presume—unless there is clear statutory language to the contrary—that the Legislature

intended it to have equally broad applicability. *Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 327 (Tex. 2017). By reading the term in context, we are able to narrow the list of definitions to the most apposite.

We are cognizant of the "fundamental principle of statutory construction and indeed of language itself that words' meanings cannot be determined in isolation but must be drawn from the context in which they are used." *Greater Houston P'ship v. Paxton*, 468 S.W.3d 51, 59 (Tex. 2015) (quoting *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d at 439). Therefore, we must analyze the reasonableness of each definition in light of the statutory context. *Id.* In this case, "adopt" is used in reference to a school district's action in relation to an LOHE, so it is clear that some definitions of adopt make little sense in context. Applying this limitation, we conclude that the definitions of adopt that are faithful to the statutory context are:

"to choose or take as one's own; make one's own by selection or assent"
"to vote to accept"
"to accept or act in accordance with"

*See* Dictionary.com, dictionary.com/browse/adopt (last visited 12/17/20). The plain language of the Act evidences the Legislative intent to set a floor for the local option exemption rates at the level they were in 2014 until the end of the 2019 tax year. *See* Act of May 29, 2015, 84th Leg., R.S., ch. 465, § 1, 2015 Tex. Gen. Laws 1779, 1779. Our conclusion is consistent with the plain language and context of SB-1's words, as well as the overall purpose of SB-1, which was to provide property tax relief. *See Cadena*, 518 S.W.3d at 327. Moreover, to interpret SB-1 to limit its prohibition against a repeal or reduction of an LOHE that was voted on in tax year 2014 would subvert the Legislature's intent and lead to absurd results. We see no reason why the Legislature, in attempting to provide property tax relief, would prohibit a school district that voted to accept an LOHE in 2014 from repealing or reducing its LOHE, but allow a school district that voted to accept an LOHE in the 1980s and continued to adopt the LOHE through the 2014 tax year to repeal or reduce its LOHE. Thus, we overrule KISD's first issue.

**Failure to Exhaust Administrative Remedies**

In KISD's second issue, they argue that the trial court lacks subject matter jurisdiction because the taxpayers failed to exhaust their administrative remedies under the Texas Tax Code. *See* TEX. TAX CODE ANN. § 41.41 (West Supp. 2020).

The statutory administrative review requirements of the tax code are mandatory and jurisdictional. *See, e.g.*, *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006); *Matagorda Cty. Appraisal Dist. v. Coastal Liquids Partners, L.P.*, 165 S.W.3d 329, 331 (Tex. 2005). The policy behind the exhaustion of administrative remedies doctrine is to allow the agency involved to resolve disputed issues of fact and policy and to assure that the appropriate body adjudicates the dispute. *Essenburg v. Dallas Cty.*, 988 S.W.2d 188, 189 (Tex. 1998). Similarly, the policy seeks to encourage parties to resolve disputes without resorting to litigation when an administrative procedure is provided for that purpose. *See Strayhorn v. Lexington Ins. Co.*, 128 S.W.3d 772, 780 (Tex. App.—Austin 2004), *aff'd*, 209 S.W.3d 83 (Tex. 2006); *Vela v. Waco Indep. Sch. Dist.*, 69 S.W.3d 695, 702 (Tex. App.—Waco 2002, pet. withdrawn). But there are exceptions to the exhaustion-of-administrative-remedies doctrine: (1) when an injunction is sought and irreparable harm would result; (2) when the administrative agency cannot grant the requested relief; (3) when the issue presented is purely a question of law; (4) when certain constitutional issues are involved; and (5) when an administrative agency purports to act outside its statutory powers. *Strayhorn*, 128 S.W.3d at 780.

KISD acknowledges that the Texarkana Court of Appeals has previously held that whether KISD was prohibited from repealing its LOHE in 2015 is purely a question of law. *Kilgore Indep. Sch. Dist. v. Axberg*, 535 S.W.3d 21, 34 (Tex. App.—Texarkana 2017, no pet.) KISD argues that, because the taxpayers amended their petition to seek class certification and propounded discovery upon KISD, the issue presented is no longer purely a question of law. We disagree. A review of the record reveals that the only difference between the taxpayers' pleadings at issue before the Texarkana Court and their pleadings before this Court is class certification. Further, the discovery propounded to KISD seeks information that would assist in identifying potential claimants and amounts of reimbursement. The premise of the Texarkana Court's holding, whether SB-1 precluded KISD from repealing its LOHE in 2015, remains unchanged by the taxpayers' subsequent amendment to seek class certification and their propounding discovery to that end. *See Axberg*, 535 S.W.3d at 34. Whether SB-1 precluded

9

KISD from repealing its LOHE in 2015 remains purely a question of law despite amendments to the taxpayers' pleadings and discovery requests. Therefore, we overrule KISD's second issue.

**Mootness**

In KISD's third issue, they argue that the taxpayers' claim for injunctive relief is moot. The taxpayers seek an injunction that orders KISD to:

> reinstate, for application in the 2015, 2016, 2017, 2018, and 2019 tax years, the local option homestead exemption that Kilgore Independent School District adopted for the 2014 tax year pursuant to Section 11.13(n) of the Texas Tax Code, to grant Plaintiffs and their fellow class members the exemption for the 2015, 2016, 2017, 2018, and 2019 tax years and all other tax years in which they are entitled to the exemption, and to stop assessing and collecting any property taxes that are subject to such exemption.

KISD argues that the relief sought is "impossible" because the taxpayers are asking "to turn back the clock." KISD explains that "[the taxpayers] may seek a refund, but an injunction to put in place an exemption to stop taxes from being collected that have already been collected is futile." KISD also argues that the taxpayers' specific request to "stop assessing and collecting any property taxes that are subject to such exemption" is moot because they sought this remedy in their amended petition after the statute expired. According to KISD, this claim was moot at its inception because SB-1 no longer applied, the exemption no longer existed, and there is nothing to enjoin.

We are not persuaded by KISD's argument that the passage of time has rendered the taxpayers' request for injunctive relief moot. Certainly, the passage of time has not resulted in the return of illegally collected taxes to the taxpayers. The taxpayers seek an order requiring KISD to reinstate the LOHE for the 2015 through 2019 tax years and stop assessing and collecting any property taxes that are subject to the exemption. The mootness doctrine dictates that courts avoid rendering advisory opinions by deciding only issues presenting a "live" controversy at the time of decision. *Young v. Young*, 168 S.W.3d 276, 287 (Tex. App.—Dallas 2005, no pet.) (citing *Camarena v. Tex. Emp't Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988)). An issue becomes moot (1) when it appears that one seeks to obtain a judgment on some controversy that in reality does not exist or (2) when one seeks a judgment on some matter that, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy. *Id.* There remains a live controversy in this case because the taxpayers have either overpaid in

taxes or failed to pay taxes that KISD asserts are owed. *See **Lowenberg v. City of Dallas***, 261 S.W.3d 54, 59 (Tex. 2008) (declaratory judgment claim not moot by repeal of unlawful fee; for those who paid, controversy remains real). The injunction sought would have a practical legal effect by requiring KISD to recalculate each taxpayer's tax burden based on the taxpayer's property value, excluding the percentage which would have been exempted but for KISD's actions, and ordering KISD to stop the collection of illegally assessed taxes for the 2014-2019 tax years. Thus, we overrule KISD's third issue.

## DISPOSITION

Having overruled KISD's first, second, and third issues, we ***affirm*** the trial court's judgment.[6]

**BRIAN HOYLE**
Justice

Opinion delivered December 22, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[6] KISD raised a fourth issue arguing that the statute of limitations barred claims on behalf of some of the taxpayers, however, KISD subsequently withdrew its request that we consider this issue.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 22, 2020**

**NO. 12-20-00133-CV**

**KILGORE ISD,**
Appellant
V.
**SHEILA ANDERSON, ET AL,**
Appellees

Appeal from the County Court at Law No. 2

of Gregg County, Texas (Tr.Ct.No. 2016-1850-CCL2)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal be, and the same are, adjudged against the Appellant, **KILGORE ISD**, for which let execution issue; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*